DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant William Marino has appealed from the judgment of the Summit County Court of Common Pleas which granted summary judgment to Defendant-Appellee Oriana House, Inc. This Court affirms.
 I {¶ 2} On October 13, 2004 Plaintiff-Appellant William Marino filed a complaint against Defendant-Appellee Oriana House, Inc. ("Oriana") in the Summit County Court of Common Pleas alleging that Oriana was liable for personal injuries sustained by Appellant while a resident of Oriana and that Oriana unconstitutionally restricted his free exercise of religion. Due to numerous *Page 2 
conflicts, The Honorable John Thomas Patton, retired judge of the Eighth District
Court of Appeals, was assigned to preside over the proceedings. On July 6, 2006, Judge Joseph R. Kainrad, a retired judge of the Portage County Court of Common Pleas, was assigned to preside over the proceedings. On December 12, 2005, Oriana filed a motion for summary judgment. On August 7, 2006, Judge Kainrad granted Oriana's motion for summary judgment.
 {¶ 3} Appellant has timely appealed, asserting three assignments of error.
 II Assignment of Error Number One "THE TRIAL COURT ERRED IN RENDERING JUDGMENT ON THE PENDING MOTION FOR SUMMARY JUDGMENT BECAUSE THE VISITING JUDGE LACKED JURISDICTION TO MAKE SUCH A RULING."
 {¶ 4} In his first assignment of error, Appellant has argued that Judge Kainrad lacked jurisdiction to enter judgment on Oriana's behalf. Specifically, Appellant has argued that Judge Kainrad was never properly assigned by the Chief Justice of the Ohio Supreme Court. This Court disagrees.
 {¶ 5} With regard to visiting judges sitting by assignment, this Court has held:
 "The Ohio Constitution permits the Chief Justice of the Ohio Supreme Court to, `as necessity arises, * * * assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court in any other court of common pleas or division thereof[.]' Section 5(A)(3), Article IV, Ohio Constitution. This Section also permits the Supreme Court to adopt rules to facilitate these temporary assignments. Id. Superintendence Rule 4(B)(6) permits a *Page 3 
court's administrative judge to `[r]equest, as necessary, the assignment of judges to the court or division by the Chief Justice of the Supreme Court or the presiding judge of the court[.]' The rules do not require anything further for these assignments. See Forsyth v. Feinstein (Feb. 18, 2000), 2nd Dist. No. 99-CA-66." Tripp v. Beverly Enterprises-Ohio, Inc., 9th Dist. No. 21506, 2003-Ohio-6821, at ¶ 17.
 {¶ 6} While the official docket included with the record in this case does not include a valid certificate of assignment, this Court takes judicial notice that Chief Justice Moyer did issue a formal, valid certificate of assignment which was journalized on August 22, 2006. This certificate authorized Judge Joseph R. Kainrad to preside in the Summit County Court of Common Pleas for the specific purpose of hearing Appellant's case. The assignment was retroactive to July 6, 2006.
 {¶ 7} This assignment raises two potential objections. First, the certificate was not filed with the clerk of courts until August 22, 2006 more than two weeks after Judge Kainrad granted summary judgment to Oriana. Second, while the certificate was time stamped on August 22, 2006, the docket statement at the time of the notice of appeal did not reflect the filing of the certificate. See Tripp at ¶ 18. As to the first issue, this Court has found no authority requiring that an otherwise valid certificate of assignment be filed with the court to be valid. Id., citing Wissel v. Ohio High School Athletic Assn. (1992),78 Ohio App.3d 529, 532. As to the second issue, it cannot be disputed that as of August 22, 2006, the Summit County Clerk of Courts was in possession of a valid, time-stamped copy of the certificate *Page 4 
of assignment for Judge Kainraid which was signed by the Chief Justice Moyer. This certificate of assignment is sufficient to demonstrate the legitimacy of Judge Kainrad's authority to preside over this matter. SeeForsyth v. Feinstein (Feb. 18, 2000), 2nd Dist. No. 99-CA-66, at *3.
 {¶ 8} Appellant has relied heavily on State v. Keith, 8th Dist. No. 81125, 2002-Ohio-7250. Keith is inapposite. In Keith, the trialcourt journalized an entry containing a statement that the Ohio Supreme Court had appointed the visiting judge. Id. at ¶ 3. In fact, there was no record at all that the Ohio Supreme Court had appointed the visiting judge. Id. In the present case, the clerk of courts retained a signed, time-stamped certificate from the Ohio Supreme Court which was filed prior to Appellant filing his notice of appeal. There is evidence that Judge Kainraid had been duly appointed, and such evidence legitimizes his rulings. See Forsyth, supra.
 {¶ 9} However, even if the certificate of assignment was entirely absent from the record, this fact would not void the jurisdiction of the court or Judge Kainrad's authority to issue judgments and orders in Appellant's case. State ex rel. Spragling v. The Honorable Joseph R.Kainrad, 9th Dist. No. 23458, at 2, quoting State v. Baumgartner, 6th Dist. No. OT-03-013, 2004-Ohio-3907, at ¶ 11. Further, "`[although a journalized entry formally appointing an acting judge would have been better practice, failure to do so in this case does not render the actions of such acting judge void.'" Id. at 3, quoting Williams v.Banner Buick, *Page 5 Inc. (1989), 60 Ohio App.3d 128, 134. Moreover, "a judgment is not void by virtue of an irregularity in the appointment of the judge who rendered judgment." Id., citing Demereaux v. State (1930),35 Ohio App. 418.
 {¶ 10} Appellant's first assignment of error lacks merit.
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN RENDERING JUDGMENT ON THE PENDING MOTION FOR SUMMARY JUDGMENT BECAUSE THE VISITING JUDGE FAILED TO GIVE NOTICE OF A HEARING ON THE MATTER."
 {¶ 11} In his second assignment of error, Appellant has argued that the trial court erred in ruling on Oriana's motion for summary judgment without providing notice of an oral hearing. Further, Appellant has argued that the trial court erred in failing to provide notice of the deadline to file a brief in opposition to the summary judgment motion. This Court disagrees.
 {¶ 12} This Court has held that "a trial court is not required to set or hold a hearing prior to ruling on a motion for summary judgment. Rather, `the non-moving party is entitled simply to sufficient notice of the filing of the motion [pursuant to] Civ.R. 5, and an adequate opportunity to respond [pursuant to] Civ.R. 56(C).'" (Alterations added). Ralston v. Difiglio (Jul. 26, 2000), 9th Dist. No. 19875, at *2, quoting Brown v. Akron Beacon Journal Publishing Co. (1991),81 Ohio App.3d 135, 139. See also State Street Bank Trust Co. v. Stump (Mar. 15, 2000), 9th Dist. No. 19804, at *1. Accordingly, it was not error for a trial *Page 6 
court to rule on Oriana's motion for summary judgment without providing notice of a hearing because the trial court was not required by rule to even set a hearing.
 {¶ 13} Thus, the only remaining issues are whether Appellant was provided notice of the filing of the motion and whether he was given adequate time to respond. Oriana filed its motion for summary judgment on December 12, 2005. The motion included a certificate of service, whereby counsel for Oriana attested that counsel for Appellant had been served a copy of the motion via U.S. mail. It is axiomatic that service by mail upon a party's attorney is proper notice. See Civ.R. 5(B). Finally, Appellant filed a memorandum in opposition on March 14, 2006, three months after Oriana's motion for summary judgment was filed. This Court concludes that three months is adequate opportunity to respond. Appellant's first argument is unpersuasive.
 {¶ 14} Likewise, this Court is also not persuaded by Appellant's second argument. In Hooten v. Safe Auto Ins. Co., 100 Ohio St.3d 8,2003-Ohio-4829, the Ohio Supreme Court held that "[a] trial court need not notify the parties of the date of * * * the deadlines for submitting briefs and Civ.R. 56 materials if a local rule of court provides sufficient notice of the hearing date or submission deadlines." Id. at syllabus. This Court has recently applied Hooten. See Elite DesignerHomes, Inc. v. Landmark Partners, 9th Dist. No. 22975, 2006-Ohio-4079, at ¶ 13. Here, Summit Cty. Loc.R. 7.14(C)(1) requires that a non-moving party must file its brief in opposition to summary judgment within fourteen days of service of the motion. *Page 7 
 {¶ 15} Notwithstanding Loc.R. 7.14(C)(1), Appellant's second argument is still without merit. The record reflects that Appellant filed a motion for leave to file a brief in opposition three months after Orianna's summary judgment was filed. Appellant requested fourteen days leave to respond to the summary judgment motion. The trial court granted Appellant's motion. Appellant then took twenty-one days to actually file the brief in opposition. Despite this, the trial court accepted Appellant's brief and considered it when ruling. It is unclear to this Court, and not explained by Appellant, how he was prejudiced in this matter. "[A]n appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." (Quotations omitted). Wagner v. RocheLaboratories (1999), 85 Ohio St.3d 457, 460. As a result, Appellant cannot premise reversible error on the trial court's failure to provide notice of filing deadlines.
 {¶ 16} Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three "THE TRIAL COURT ERRED IN RENDERING JUDGMENT ON THE PENDING MOTION FOR SUMMARY JUDGMENT BECAUSE THERE EXISTED GENUINE ISSUES OF FACT AND LAW."
 {¶ 17} In his third assignment of error, Appellant has argued that the trial court improperly granted summary judgment to Oriana despite genuine issues of material fact and law. This Court disagrees. *Page 8 
 {¶ 18} In his third assignment of error, Appellant has failed to provide this Court with a meaningful argument in support of his contention that genuine issues of fact remained. Appellant has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(B)(7). "It is the duty of the appellant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record." State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M, at *3. This Court may disregard arguments if the appellant fails to identify the relevant portions of the record from which the errors are based. State v. Purefoy, 9th Dist. No. 23328, 2007-Ohio-371, at ¶ 4; See App.R. 12(A)(2); Loc.R. 7(F). In his third assignment of error, Appellant has not cited to the record for his factual assertions, nor has cited to any legal authority whatsoever.
 {¶ 19} Based on the foregoing, Appellant's third assignment of error lacks merit.
 III {¶ 20} Appellant's three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal. *Page 9 
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
SLABY, P. J.
DICKINSON, J.
 CONCUR *Page 1