DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Antonio Spragling, appeals from the decision of the Summit County Court of Common Pleas, dismissing his complaint and granting expenses and reasonable attorney fees to Appellee, Oriana House. This Court affirms.
 I. {¶ 2} The instant action was originally filed on April 14, 2003. Appellant voluntarily dismissed the case on January 12, 2004. On October 13, 2004, Appellant refiled his complaint against Appellee for discrimination. Appellee answered the complaint and served discovery requests on December 9, 2004. At *Page 2 
the March 3, 2005 pretrial, the trial court set a discovery deadline for September 20, 2005. The trial court also set October 20, 2005 as the deadline for dispositive motions, and November 11, 2005 as the deadline to respond to any dispositive motions. The trial was set for December 5, 2005. On October 18, 2005, Appellee filed a combined motion to dismiss/motion to compel/motion for leave to file a motion for summary judgment. Appellee attached discovery requests with time stamped notices of service dated May 14, 2003 and December 9, 2004. In the motion, Appellee stated that at the March 3 pretrial, it made the trial court aware of Appellant's continued failure to respond to its discovery requests. Further, according to Appellee's motion, the trial court instructed Appellant's counsel to respond to the requests and to make Appellant available for deposition. Appellant assured the trial court that the discovery requests would be completed and that he would be made available for deposition. As of October 18, the date Appellee filed its combined motion, Appellant had failed to respond to Appellee's discovery requests filed December 9, 2004. Further, Appellee pointed out that the complaint in this instance was originally filed on April 14, 2003, and Appellee filed its initial discovery request on May 14, 2003. Appellant did not respond to these requests, but instead voluntarily dismissed his case on January 12, 2004.
 {¶ 3} During the course of this case, the Ohio Supreme Court decided in In re Disqualification of Murphy, 110 Ohio St.3d 1206,2005-Ohio-7148, that no *Page 3 
sitting Summit County Court of Common Pleas judge could be assigned to certain cases involving Appellee. On October 28, 2005, a visiting judge was assigned. On February 3, 2006, Appellee filed a request to continue the trial conference, pending the trial court's resolution of its October 18, 2005 combined motion to compel/dismiss. The trial court granted this request. On February 21, 2006, Appellant requested leave to respond to Appellee's motion stating that the motion was received while no judge was assigned to the case and the circumstances concerning the case were uncertain. The trial court did not respond to this motion. However, on March 14, 2006, Appellant, without leave of court, responded to Appellee's motion to compel/dismiss, requesting a thirty day extension on the discovery deadline. He further stated that he would respond to all outstanding discovery requests and, within thirty days, make himself available for deposition. On May 3, 2006, Appellee moved to strike Appellant's February 21, 2006 motion for leave to respond as well as his March 14, 2006 response to its motion to compel/dismiss, because neither filing was served on Appellee. Appellee properly pointed out that Appellant's motion for leave to respond contained an unsigned certificate of service, and that his response included no certificate of service. Appellee requested the court to strike the offending motions from the record, dismiss the complaint, and order sanctions against Appellant and his counsel. On July 6, 2006, a second visiting judge was assigned to this case. On August 14, 2006, the trial court reiterated that the original discovery deadline was September *Page 4 
20, 2005, and that no discovery had been provided to date. The trial court ordered Appellant to respond to discovery and provide his deposition by September 20, 2006, or the case would be dismissed. On September 21, 2006, Appellant moved the trial court for an additional three days leave to respond to Appellee's discovery requests. On September 25, 2006, Appellee filed a motion to strike Appellant's motion for additional time and renewed its motion for sanctions. On September 26, 2006, Appellant filed a notice of service of discovery responses, stating that the discovery was served upon Appellee on Sunday, September 24, 2006. On September 28, 2006, Appellee filed a supplemental motion to dismiss and a renewed motion for sanctions, stating that it never received Appellant's discovery. On October 26, 2006, the trial court dismissed the complaint, stating that Appellant failed to comply with its August 14, 2006 order. The trial court further sanctioned Appellant and his counsel by granting Appellee its expenses and reasonable attorney fees in the amount of $3,462.50, representing Appellee's costs, fees, and expenses to date. Appellant appealed from this order, asserting two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I *Page 5 "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED IN RENDERING JUDGMENT ON THE MOTION FOR SANCTIONS BECAUSE [APPELLANT] SERVED HIS DISCOVERY."
 {¶ 4} Appellant contends that the trial court abused its discretion and erred in rendering judgment on the motion for sanctions because he served his discovery. Appellant specifically argues that Appellee did not comply with Civ.R. 37(E) and that the trial court erred in dismissing his case as a sanction. We do not agree.
 {¶ 5} It is well established that a trial court "enjoys considerable discretion in the regulation of discovery proceedings." Manofsky v.Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 668, citingState ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 6} Appellant argues that Appellee made no showing of willfulness or bad faith as required under Civ.R. 37(E). According to Civ.R. 37(E), Appellee was required, before filing its motion to compel, to make a reasonable effort to resolve any discovery issues with Appellant. Further, under this rule, a motion to *Page 6 
compel must be accompanied by a statement reciting these efforts. Appellee filed its motion to compel on October 18, 2005. In this motion, Appellee attached its previously filed, unanswered discovery requests, outlining the discovery issues that had been ignored to that date. It appears that Appellant argues Appellee's outline of the dispute does not comply with Civ.R. 37(E). Appellant's argument is without merit.
 {¶ 7} The purpose of Civ.R. 37(E) is to endorse the self-regulating aspect of discovery, and to require court intervention only as a last resort. Unklesbay v. Fenwick, 167 Ohio App.3d 408, 2006-Ohio-2630, at ¶ 10. Furthermore, "Civ.R. 37(E) `was designed more for the benefit of the trial courts, not as an appellate obstacle.` Id., quoting Studer v.Seneca Cty. Humane Soc. (May 4, 2000), 3d Dist. No. 13-99-59, at *6. A deficient showing under Civ.R. 37(E) could justify the denial of a motion to compel,
 "[b]ut once a trial court has gone to the trouble of conducting a hearing on a motion and issuing a decision resolving the parties' dispute, as the trial court has done in this case, we see no useful purpose in invoking Civ.R. 37(E)-which is intended to benefit the trial court-to reverse its judgment and force the court to begin its work again after the filing of a renewed motion to compel." Id.
 {¶ 8} Thus, we decline to find that the trial court abused its discretion in considering the merits of Appellee's combined motion to compel/dismiss.
 {¶ 9} Appellant also argues that the trial court abused its discretion by granting a dismissal as a sanction for his failure to comply. In the instant case, Appellant has failed to timely comply with a court ordered discovery deadline. *Page 7 
The initial discovery deadline was September 20, 2005. Although this deadline came and went, on August 14, 2006, the trial court extended the deadline to September 20, 2006, and warned Appellant that failure to comply with this new deadline would lead to dismissal. On September 21, 2006, a day after the deadline expired, Appellant moved the trial court for a three day extension. The trial court did not respond to this motion. "In general, if the trial court fails to mention or rule on a pending motion, the appellate court presumes that the motion was implicitly overruled." Lorence v. Goeller, 9th Dist. No. 04CA008556,2005-Ohio-2678, at ¶ 47, citing Fed. Home Loan Mtge. Corp. v. Owca (Nov. 17, 1999), 9th Dist. No. 2897-M, at *2. Therefore, we find that the trial court overruled Appellant's request for an additional three day extension. Nevertheless, Appellant filed a notice of service of discovery responses on September 26, 2006, six days after the September 20, 2006 deadline.
 {¶ 10} Civ.R. 37(B)(2) provides, in pertinent part:
 "If any party * * * fails to obey an order to provide or permit discovery, * * * the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 "* * *
 "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]" *Page 8 
 {¶ 11} Appellant's failure to timely file any responses to Appellee's discovery requests within the deadline set forth by the trial court is a proper ground for dismissal under Civ.R. 37(B)(2). In the present case, the record shows that Appellee's discovery requests were pending for approximately two years. Appellant has not shown, nor does the record reflect, any reason justifying his lack of compliance with the trial court's orders. "Where the record does not indicate failure to comply with discovery was due to involuntary inability, such as illness, rather than willfulness, bad faith or any other fault of the noncomplying party, a trial court does not abuse its discretion by dismissing the action pursuant to Civ.R. 37(B)(2)(c)." Aydin Co. Exchange, Inc. v.Marting Realty (1997), 118 Ohio App.3d 274, 279, citing Shoreway Circle,Inc. v. Gerald Skoch Co., L.P.A. (1994), 92 Ohio App.3d 823, 832.
 {¶ 12} Finally, the record shows that Appellant had notice of an impending dismissal for failure to comply with the discovery deadlines. See Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46, 49.
 "[T]he very purpose of notice is to provide a party with an opportunity to explain its default and/or to correct it. [Appellant] had notice and ample opportunity to explain [his] default and/or to correct it. [He] did not do so. There was no reason for the trial court to expect that one more warning would have prompted [Appellant] to comply with the discovery order it had ignored[.]" Id.
Appellant was afforded adequate time and notice to comply with the court ordered discovery deadline. As such, the trial court did not abuse its discretion in *Page 9 
dismissing Appellant's case. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN RENDERING JUDGMENT ON THE PENDING MOTION FOR SANCTIONS BECAUSE THE VISITING JUDGE LACKED JURISDICTION TO MAKE SUCH A RULING."
 {¶ 13} In his second assignment of error, Appellant argues that the trial court erred in rendering judgment on the pending motion for sanctions because the visiting judge lacked jurisdiction to make such a ruling. Specifically, Appellant argues that the visiting judge was never properly assigned by the Chief Justice of the Ohio Supreme Court. We do not agree.
 {¶ 14} With regard to visiting judges sitting by assignment, this Court has held:
 "The Ohio Constitution permits the Chief Justice of the Ohio Supreme Court to, `as necessity arises, * * * assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court in any other court of common pleas or division thereof[.]' Section 5(A)(3), Article IV, Ohio Constitution. This Section also permits the Supreme Court to adopt rules to facilitate these temporary assignments. Id. Superintendence Rule 4(B)(6) permits a court's administrative judge to `[r]equest, as necessary, the assignment of judges to the court or division by the Chief Justice of the Supreme Court or the presiding judge of the court[.]' The rules do not require anything further for these assignments. See Forsyth v. Feinstein (Feb. 18, 2000), 2nd Dist. No. 99-CA-66." Tripp v. Beverly Enterprises-Ohio, Inc., 9th Dist. No. 21506, 2003-Ohio-6821, at ¶ 17. *Page 10 
 {¶ 15} Appellant argues that because the docketing statement does not reflect the filing of the certificate of assignment, the visiting judge was not properly assigned and, consequently, was without jurisdiction to render judgment in this case. See Tripp at ¶ 18. We do not agree. "While the official docket included with the record in this case does not include a certificate of assignment, this Court takes judicial notice that Chief Justice Moyer did issue a formal, valid certificate of assignment which was journalized on August 22, 2006." Marino v. OrianaHouse, Inc., 9th Dist. No. 23389, 2007-Ohio-1823, at ¶ 6. This certificate authorized the visiting judge, Judge Joseph R. Kainrad, to preside in the Summit County Court of Common Pleas for the specific purpose of hearing Appellant's case. The assignment was retroactive to July 6, 2006.
 {¶ 16} It cannot be disputed that as of August 22, 2006, the Summit County Clerk of Courts was in possession of a valid, time-stamped copy of the certificate of assignment for Judge Kainrad, which was signed by Chief Justice Moyer. "This certificate of assignment is sufficient to demonstrate the legitimacy" of Judge Kainrad's authority to preside over this matter. See Forsyth, supra, at *3.
 {¶ 17} Appellant has relied on State v. Keith, 8th Dist. No. 81125, 2002-Ohio-7250. Appellant's reliance is misplaced. In Keith, the trial court journalized an entry containing a statement that the Ohio Supreme Court had appointed the visiting judge. Id. at ¶ 3. In fact, there was no record at all that the Ohio Supreme Court had appointed the visiting judge. Id. In the present case, the clerk of courts *Page 11 
retained a signed, time-stamped certificate from the Ohio Supreme Court which was filed prior to the disposition in this case. There is evidence that Judge Kainrad had been duly appointed, and such evidence legitimizes his rulings. See Forsyth, supra.
 {¶ 18} "However, even if the certificate of assignment was entirely absent from the record, this fact would not void the jurisdiction of the court or Judge Kainrad's authority to issue judgments and orders in Appellant's case." Marino, supra, at ¶ 9. State ex rel. Spragling v. TheHonorable Joseph R. Kainrad, 9th Dist. No. 23458, at 2, quotingState v. Baumgartner, 6th Dist. No. OT-03-013, 2004-Ohio-3907, at ¶ 11. "Although a journalized entry formally appointing an acting judge would have been better practice, failure to do so in this case does not render the actions of such acting judge void." Williams v. Banner Buick,Inc. (1989), 60 Ohio App.3d 128, 134. Furthermore, the "judgment is not void by virtue of an irregularity in the appointment of Judge Kainrad.Marino, supra, citing Demereaux v. State (1930), 35 Ohio App. 418, 422.
 {¶ 19} Appellant's second assignment of error lacks merit.
 III. {¶ 20} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed. *Page 12 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 WHITMORE, P.J. DICKINSON, J. CONCUR *Page 1