[Cite as *State v. Lowe*, 2011-Ohio-3355.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25475 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS RAY LOWE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 02 09 2684 |

DECISION AND JOURNAL ENTRY

Dated: July 6, 2011

CARR, Judge.

{¶1} Appellant, Dennis Ray Lowe, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Lowe was convicted of aggravated murder, attempted aggravated murder, and gun specifications following a bench trial in 2002. His conviction was affirmed on appeal. *State v. Lowe*, 9th Dist. No. 21426, 2003-Ohio-6807. Lowe has previously challenged his conviction by a petition for postconviction relief and in a motion for a new trial, arguing in both proceedings that his judgment of conviction is defective because the judge assigned to his case lacked authority to sign the entry. In 2010, Lowe filed a motion for a final appealable order. After the trial court denied his motion, Lowe appealed to this Court, presenting two assignments of error.

II.

**ASSIGNMENT OF ERROR I**

"TRIAL JUDGE MARY CACIOPPO LACKED THE LEGAL AUTHORITY TO ENDORSE THE FINAL APPEALABLE ORDER AS REQUIRED BY ARTICLE IV SECTION (6) OF THE OHIO CONSTITUTION AND R.C. 2505.02(3) THE SIGNATURE OF THE JUDGE."

**ASSIGNMENT OF ERROR II**

"TRIAL JUDGE, LYNNE S. CALLAHAN[,] COMMITTED ABUSE OF DISCRETION BY NOT PROVIDING A REASON TO SUPPORT HER DECISION TO DENY DEFENDANT-APPELLANT'S MOTION FOR FINAL APPEALBLE ORDER WHILE KNOWING THAT R.C. 2505.02(3) THE SIGNATURE OF THE JUDGE & ARTICLE IV SECTION (6) OF THE OHIO CONSTITUTION IS CONTROLLING LAW."

**{¶3}** In his motion for a final appealable order, Lowe argued that Judge Mary Cacioppo, a visiting judge assigned by the Chief Justice of the Ohio Supreme Court, lacked authority to act. Therefore, he argued that there was no valid signature on his sentencing entry making it not final because it failed to comply with Crim.R. 32(C). Because Lowe has previously presented this claim, res judicata barred consideration of it again. Thus, the trial court did not err when it denied his motion.

*Lowe's judgment of conviction was final*

**{¶4}** The Ohio Supreme Court has held that a judgment of conviction must contain "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, at ¶18. Lowe argues that his sentencing entry is defective because Judge Cacioppo lacked authority to sign the entry, a claim he has previously made in a petition for postconviction relief and a motion for a new trial, but not in his direct appeal from his conviction.

{¶5} Even assuming that Judge Cacioppo's assignment was improper, that would not lead to the conclusion that Lowe's judgment of conviction was void. "[A] claim of improper assignment of a judge can generally be adequately raised by way of appeal." *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 469. This Court has held that "even if the certificate of assignment was entirely absent from the record, this fact would not void the jurisdiction of the court or [the visiting judge's] authority to issue judgments and orders in Appellant's case." *Spragling v. Oriana House, Inc.*, 9th Dist. No. 23501, 2007-Ohio-3245, at ¶18. In *Spragling*, this Court concluded that the "'judgment is not void by virtue of an irregularity in the appointment of'" the visiting judge. Id.

{¶6} Lowe's judgment of conviction is signed by the judge who presided over his trial. Regardless of the propriety of the assignment, the judgment complies with the requirements of *Baker*, was appealable, and is not void. Thus, we consider whether res judicata barred his renewed challenge to his conviction.

*Res judicata*

{¶7} The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated. *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421, at ¶7, citing *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus. See, also, *State v. Gau*, 11th Dist. No. 2010-A-0013, 2010-Ohio-5516, at ¶19 (applying res judicata to a second motion for new trial when the identical issue was raised in first motion and defendant did not appeal trial court's denial).

{¶8} Lowe has attacked his conviction four times. First, he filed a direct appeal in 2003; he did not raise this claim in his direct appeal. Second, he filed a petition for postconviction relief in May 2006. The trial court denied the petition, *State v. Lowe*, Summit

County Common Pleas No. 02-09-2684 (June 8, 2006), and Lowe did not appeal. In his petition, he brought the same claim that is before this Court in this case. Third, he filed a motion for a new trial, again, asserting the same claim before this Court in this appeal. The trial court denied the motion for a new trial. *State v. Lowe*, Summit County Common Pleas No. 02-09-2684 (July 20, 2006). Lowe did not appeal.

{¶9} Lowe's fourth attack on his conviction came in the motion for a final appealable order he filed, and the trial court denied, in 2010. He has appealed the trial court's denial of that motion. The trial court did not err in denying his motion. Lowe had presented the identical claim in his petition for postconviction relief and in a motion for new trial. The trial court denied both motions and he did not appeal either decision. Lowe's renewed attack, presenting the same challenge, is barred by res judicata.

{¶10} Because res judicata barred Lowe's motion, the trial court did not err when it denied the motion. Lowe's assignments of error are overruled.

*Postrelease control*

{¶11} Before concluding, however, this Court must address an argument the State made in its brief on appeal – that Lowe's conviction was void because of an error in the imposition of postrelease control and that Lowe should receive a de novo sentencing hearing. After the State filed its brief, the Ohio Supreme Court decided *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Supreme Court held "that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." Id. at ¶26 (footnote omitted). While we agree with the State that the trial court's imposition of postrelease control was improper, we conclude, based on *Fischer*, that the

appropriate remedy is to remand this matter to the trial court for that court to impose the statutorily mandated term of postrelease control.  Id. at ¶29.

### III.

{¶12}  Lowe's assignments of error are overruled.  The judgment of the Summit County Court of Common Pleas is affirmed and this matter is remanded for the trial court to impose the statutorily mandated term of postrelease control.

Judgment affirmed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(E).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

DENNIS RAY LOWE, Pro Se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.