[Cite as *State v. Caulton*, 2013-Ohio-2953.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.  12 MA 150 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| ANTHONY CAULTON, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from Common Pleas
                                  Court, Case No. 06 CR 1191.

JUDGMENT:                         Affirmed.

APPEARANCES:
For Plaintiff-Appellee:           Attorney Paul J. Gains
                                  Prosecuting Attorney
                                  Attorney Ralph M. Rivera
                                  Assistant Prosecuting Attorney
                                  21 W. Boardman St., 6th Floor
                                  Youngstown, OH  44503

For Defendant-Appellant:          Anthony Caulton, Pro-se
                                  #573-792
                                  Trumbull Correctional Institute
                                  5701 Burnett Road
                                  P.O. Box 901
                                  Leavittsburg, OH  44430

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                  Dated:  June 27, 2013

DeGenaro, P.J.

{¶1} Pro-se Defendant-Appellant, Anthony Caulton, appeals the decision of the Mahoning County Court of Common Pleas denying his motion to assess jurisdiction and for strict compliance. On appeal, he argues that the visiting judge who presided over his jury trial was never properly assigned to the case and thus lacked jurisdiction over the matter. He further alleges that the judgment entry of sentence was not a final appealable order because it failed to comply with Crim.R. 32(C) and that the trial court lacked jurisdiction because the indictment was not properly filed.

{¶2} Upon review, Caulton's arguments are meritless. The trial court correctly found that Caulton's argument regarding the visiting judge's authority over his case was barred by res judicata. Moreover, the judgment entry of sentence was a final appealable order in compliance with Crim.R. 32(C) and the indictment was properly filed and does not appear to contain any jurisdictional defects. Accordingly, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶3} In August 2009, following a jury trial presided over by a visiting judge, Caulton was convicted of murder (R.C. 2903.02(A)), an unclassified felony, with an accompanying R.C. 2941.145(A) firearm specification. The trial court imposed a term of 15 years to life for the murder charge with an additional three years for the firearm specification, to be served prior to and consecutive to the term for the murder charge. On direct appeal, this court affirmed the judgment of the trial court. *State v. Caulton*, 7th Dist. No. 09 MA 140, 2011-Ohio-6636. The Ohio Supreme Court denied Caulton's appeal. *State v. Caulton*, 131 Ohio St.3d 1500, 2012-Ohio-1501, 964 N.E.2d 440.

{¶4} On June 29, 2012, Caulton filed a pro-se "motion to assess jurisdiction and for compliance with Crim.R. 32(C)." Caulton argued that the trial court's August 4, 2009 judgment entry of sentence failed to comply with Crim.R. 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. He also contended that the indictment did not contain the required timestamp from the clerk of courts. Further, he argued that the visiting judge was not properly assigned to hear his case. On July 27, 2012, the trial court issued a judgment entry denying Caulton's motion, finding that his claims are barred by res judicata and that Visiting Judge Thomas P. Curran was commissioned by the Chief

Justice of the Ohio Supreme Court under Article IV, Section 6 of the Ohio Constitution.

**Assignment of Visiting Judge**

{¶5}   In Caulton's first of two assignments of error, he argues:

{¶6}   "Court erred when it overruled defendants [sic.] properly plead motion to comply with 32(C), and assess jurisdiction, when the record shows the original judge signed to this case was judge (CHRONIN), but a [sic.] unassigned visiting judge (CURRAN) ENTERED JUDGMENT WITHOUT ANY AUTHORITY TO DO SO."

{¶7}   Caulton argues that the visiting judge lacked authority over his case because the judge was not properly assigned, contending the record lacks any evidence of a proper assignment by the Chief Justice of the Ohio Supreme Court. Thus, he argues that the visiting judge issued a void judgment such that the bar of res judicata does not apply.

{¶8}   Section 6(C), Article IV of the Ohio Constitution states: "* * * Any voluntarily retired judge, or any judge who is retired under this section, may be assigned with his consent, by the chief justice or acting chief justice of the Supreme Court to active duty as a judge * * *." Here, the judgment entries signed by Judge Curran include a caption under the signature line indicating that he was assigned to the matter pursuant to Section 6, Article IV of the Ohio Constitution. Although the record does not contain a certificate of assignment, on July 15, 2009 the Administrative Judge for the Mahoning County Court of Common Pleas general division requested an open assignment of Judge Curran to serve on the court from July 27 through July 31, 2009. The Chief Justice made that assignment effective July 15, 2009 for the time period in question, and for Judge Curran "to conclude any proceedings in which he participated that are pending at the end of that period." Ohio Supreme Court Judicial Assignment No. 09JA1541. Thus, we may take judicial notice of that appointment. *Marino v. Oriana House, Inc.*, 9th Dist. No. 23389, 2007-Ohio-1823, ¶6.

{¶9}   However, the lack of a certificate of assignment in the record does not render the judgment void, contrary to Caulton's assertion otherwise. As the Ninth District recently explained:

This Court has held that "even if the certificate of assignment was entirely absent from the record, this fact would not void the jurisdiction of the court or [the visiting judge's] authority to issue judgments and orders in Appellant's case." *Spragling v. Oriana House, Inc.*, 9th Dist. No. 23501, 2007–Ohio–3245, at ¶ 18. In *Spragling*, this Court concluded that the "'judgment is not void by virtue of an irregularity in the appointment of'" the visiting judge. *Id.*

*State v. Lowe*, 9th Dist. No. 25475, 2011-Ohio-3355, ¶5.

**{¶10}** Moreover, consistent with Ohio Supreme Court case law rejecting similar challenges via original writs, Caulton cannot raise this challenge pursuant to a motion pursuant to Crim.R. 32. In *Keith v. Bobby*, 2008-Ohio-1443, 117 Ohio St. 3d 470, 472, 884 N.E.2d 1067, 1069-70 (2008), where the defendant filed a writ of habeas corpus alleging the judge presiding over his case was not properly assigned, the Court held:

> Fourth, as we held in another writ case involving Keith, "he has or had an adequate remedy by appeal from [the trial court's] rulings to raise his claim that Judge Gaul and Judge Cirigliano were improperly assigned to his criminal cases." *State ex rel. Keith v. McMonagle,* 106 Ohio St.3d 61, 2005-Ohio-3669, 831 N.E.2d 433, ¶ 7; see also *State ex rel. Key v. Spicer* (2001), 91 Ohio St.3d 469, 746 N.E.2d 1119 ("a claim of improper assignment of a judge can generally be adequately raised by way of appeal"); *State ex rel. Berger v. McMonagle* (1983), 6 Ohio St.3d 28, 30, 6 OBR 50, 451 N.E.2d 225 (mandamus and prohibition are not substitutes for appeal to contest alleged improper assignment of judge).

*Id.*, ¶14.

**{¶11}** Caulton did not raise any error regarding the authority of the visiting

judge to enter judgment in his case during his direct appeal, and thus is barred by res judicata from doing so here. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Davis*, 7th Dist. No. 11-MA-53, 2012-Ohio-4112, ¶8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). Accordingly, the trial court did not err in denying Caulton's motion on the basis of res judicata.

**{¶12}** Caulton further seeks a plain error or structural error analysis. This court has previously held that "[p]lain error is the only exception to the *res judicata* bar as plain errors are not waivable." *State v. Chism*, 7th Dist. No. 98 CA 121, 1999 WL 783957, *3 (Sept. 29, 1999). "However, '[t]he plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice.' An error does not constitute a plain error 'unless, but for the error, the outcome of the trial clearly would have been otherwise.'" (Citations omitted.) *Id.* Caulton has not demonstrated that he was prejudiced by the assignment of the visiting judge to this case, and thus has failed to make a showing of plain error.

**{¶13}** As to structural error, this court has recently explained that:

A structural error is characterized by the entire trial from beginning to end being clearly affected. *State v. Alexander*, 7th Dist. No. 03-CA-789, 2004-Ohio-5525, at ¶ 27, citing *State v. Rector*, 7th Dist. No. 01-AP-758, 2003-Ohio-5438, at ¶ 11 and *Arizona v. Fulminante* (1991), 499 U.S. 270, 309-10. " 'Structural error is a constitutional deprivation which affects the framework of the whole trial rather than simply an error in the trial process itself.' " *Alexander*, at ¶ 27, quoting *Rector*, at ¶ 11. Structural error affects a defendant's substantial rights, even absent a showing of prejudice, and therefore automatically requires reversal. *State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, at ¶ 53.

*State v. Armstrong*, 7th Dist. No. 09-MA-204, 2011-Ohio-661, ¶32.

{¶14} Caulton's allegation that the visiting judge was improperly assigned raises a procedural error, rather than the deprivation of a constitutional right, and frames it in his brief as such, and has failed to make a showing of structural error.

{¶15} Finally, in his reply brief, Caulton also asks this court to review the trial court's failure to rule on his suppression motion under plain error review. However, Caulton did not argue any errors related to his suppression motion in his original brief, and he cannot raise new issues in his reply brief for the first time. *See State v. Jones*, 7th Dist. No. 06 MA 109, 2008-Ohio-1541, ¶31. Moreover, res judicata bars this argument as he could have raised it in his direct appeal. *Davis* at ¶8. For all these reasons, Caulton's first assignment of error is meritless.

### Compliance with Crim.R. 32(C)

{¶16} In his second assignment of error, Caulton argues:

{¶17} "Whether the failure to properly file and journalize each the 'direct indictment;' 'jury verdict forms;' and, 'journal entry imposing sentence' implicates the trial court's threshold jurisdiction (the accusatory phase) rendered void the jury's verdict (the guilt phase); and, offended due process by rendering the journal entry of sentence far less than a final appealable order as defined in: Crim.R. 32(C). id. see: State v. Orosz, 2008 WL 2939471 (Ohio App. 6 Dist.), 2008-Ohio-3841, at: ¶8 and ¶10."

{¶18} Caulton argues that the trial court's August 4, 2009 judgment entry of sentence did not comply with Crim.R. 32(C) because it was not properly filed and thus, was not a final appealable order.

{¶19} In *Baker*, the Ohio Supreme Court held that a judgment of conviction complies with Crim.R. 32(C) and constitutes a final appealable order when it sets forth four elements. *Id.* at syllabus. The Court modified *Baker* in *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, by holding that "[a] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. (Crim.R. 32(C), explained; *State v. Baker*, 119

Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, modified.)" *Id.* at paragraph one of the syllabus.

**{¶20}** The August 4, 2009 judgment entry contains a file-stamp from the Mahoning County Clerk of Courts indicating the date of filing; specifies that Caulton was found guilty following a jury trial of one count of murder with an accompanying firearm specification; sets forth his sentence; and contains the trial judge's signature. Thus, the judgment entry of sentence was a final appealable order in compliance with Crim.R. 32(C).

**{¶21}** Caulton nonetheless argues in his reply brief that the judgment entry requires a time-stamp showing the time when the entry was journalized, not just the date. However, as the *Lester* Court explained, "the purpose of Crim.R. 32(C) is to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *Id.* at ¶10. "Journalization of the judgment of conviction pursuant to Crim.R. 32(C) starts the 30-day appellate clock ticking." *Baker* at ¶10, citing App.R. 4(A). App.R. 4(A) provides a defendant with 30 days to appeal a judgment, but does not reference a specific time of day within the 30-day deadline for filing the appeal.

**{¶22}** Here, the date-stamp on the judgment entry of sentence indicates the date the judgment entry was filed with the clerk for journalization, and complies with the purpose of Crim.R. 32(C) in putting Caulton on notice that the 30-day clock has begun pursuant to App.R. 4(A). The judgment entry does not require a literal time-stamp in addition to the date stamp in order to be a final appealable order.

**{¶23}** Caulton further argues that the indictment was not properly filed and journalized and thus, the trial court lacked jurisdiction. The trial court found that Caulton's arguments were barred by res judicata. However, Caulton is asserting that the trial court lacked subject matter jurisdiction and thus rendered a void sentence, to which the doctrine of res judicata would not apply. But even if res judicata does not bar Caulton's argument, it still lacks merit.

**{¶24}** "The validity of an accused's conviction is dependent on the jurisdiction of the trial court. The jurisdiction of the court is invoked by the return of a valid indictment[.]"

*Dowell v. Maxwell*, 174 Ohio St. 289, 290, 189 N.E.2d 95, 96 (1963). "To be valid, Crim.R. 6(C) and (F) require that the grand jury foreman sign the indictment and that the clerk endorse the filing date upon it. Crim.R. 7(B) requires the prosecuting attorney or assistant prosecuting attorney sign the indictment." (Citation omitted.) *State v. Rogers*, 8th Dist. No. 98059, 2012-Ohio-4598, ¶6. Contrary to Caulton's assertion, the indictment "need not, and in fact cannot, be journalized. Judgments of the court are journalized, not indictments. In other words, the statement in Crim.R. 32(C), "A judgment is effective only when entered on the journal by the clerk," has nothing to do with an indictment. *See* Crim.R. 32(C)." *State v. Green*, 2013-Ohio-893, ¶ 24.

**{¶25}** Here the indictment contains the requisite elements, including a stamp from the Mahoning County Clerk of Courts indicating the date of filing; it could not be journalized. Thus, the indictment was properly filed and the trial court obtained jurisdiction over the matter.

**{¶26}** For all these reasons, the trial court did not err in overruling Caulton's motion for compliance with Crim.R. 32(C), and the second assignment of error is meritless.

**{¶27}** Upon review, Caulton's arguments are meritless. The trial court did not err in determining that Caulton's argument concerning the visiting judge's assignment was barred by res judicata. Furthermore, the judgment entry of sentence was a final appealable order in compliance with Crim.R. 32(C) and the indictment was properly filed and does not contain any jurisdictional defects. Accordingly, the judgment of the trial court is affirmed.

Donofrio, J., concurs.
Waite, J., concurs.