[Cite as *State v. Orr*, 2014-Ohio-501.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100166**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAXIE ORR, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541628

**BEFORE:** S. Gallagher, J., Boyle, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 13, 2014

**FOR APPELLANT**

Maxie Orr, Jr., pro se
Inmate #600-040
Grafton Correctional Institution
2500 S. Avon-Beldon Road
Grafton, OH   44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary H. McGrath
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Maxie Orr, Jr., appeals from the order of the Cuyahoga County Court of Common Pleas that denied his motion to merge illegal firearm specifications. For the reasons stated herein, we affirm.

{¶2} In January 2011, Orr was convicted of attempted murder, aggravated robbery, theft, carrying a concealed weapon, discharge of a firearm on or near prohibited premises, and firearm specifications. He was sentenced to nine years in prison. His convictions and sentence were affirmed on direct appeal in *State v. Orr*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269 ("*Orr I*").

{¶3} In *Orr I*, the court addressed an allied offenses of similar import challenge and ruled as follows:

> The trial court did merge the felonious assault conviction into the attempted murder conviction and also merged the kidnapping conviction into the aggravated robbery conviction. Therefore, the issue now is whether the attempted murder and the aggravated robbery convictions, and their separate firearm specifications, should merge as well. Applying the merger analysis to the facts, they should not. The record evidence reflects that the aggravated robbery was completed before defendant shot at [the victim]. Accordingly, the offenses were not committed with the same conduct and should not be merged.

*Id*. at ¶ 38.

**{¶4}** In June 2013, Orr filed a motion to merge illegal firearm specifications, claiming that the trial court erred in imposing consecutive sentences on the three-year firearm specifications in Counts 1 and 2. The trial court denied the motion, finding res judicata barred the claim.

**{¶5}** Orr filed this appeal, raising two assignments of error for our review. His first assignment of error asserts that the case lacks a final order because the trial court's entry denying his motion does not include "a time stamp showing journalization by the clerk of court" as required by Crim.R. 32(C). This argument is misguided. Crim.R. 32(C) pertains to the judgment of conviction. In this case, Orr already filed a direct appeal from the judgment of conviction, and his convictions and sentence were affirmed in *Orr I*. Further, insofar as a judgment of conviction is required to bear a time stamp showing journalization, we have previously found that a time stamp reflecting the judgment entry had been received for filing is sufficient to provide notice of journalization by the clerk and complies with the requirement of Crim.R. 32(C). *State v. Smith*, 8th Dist. Cuyahoga No. 99428, 2013-Ohio-3154; *see also State v. Caulton*, 7th Dist. Mahoning No. 12 MA 150, 2013-Ohio-2953, ¶ 22 (finding a date stamp showing the date the judgment entry filed with the clerk for journalization complies with the purpose of Crim.R. 32(C) by placing the defendant on notice that the 30-day time for filing an appeal has begun pursuant to App.R. 4(A)).

**{¶6}** Orr's motion to merge illegal firearm specifications was effectively an untimely postconviction motion. Under R.C. 2953.21(A)(2), Orr was required to file a

petition for postconviction relief "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction." Orr's first assignment of error is overruled.

{¶7} Orr's second assignment of error claims the trial court erred in denying his motion to merge the firearm specifications, which he asserts were part of the same transaction. However, not only was Orr's motion untimely, the issue he raises is barred by res judicata. Orr maintains he did not raise the issue of merging the two firearm specifications in *Orr I*. However, our review reflects that merger of the offenses and their firearm specifications was raised and addressed in *Orr I*, 8th Dist. Cuyahoga No. 96377, 2011-Ohio-6269, at ¶ 37-38. To the extent Orr argues the issue of merger as it relates to the two firearm specifications was not raised in his first appeal, we nonetheless find that the issue is barred by res judicata because it could have been raised, or was not successfully challenged, on direct appeal in *Orr I*. Therefore, we overrule the second assignment of error.

{¶8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR