[Cite as *State v. Lowe*, 2014-Ohio-1817.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 27199 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DENNIS RAY LOWE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 02 09 2684 |

DECISION AND JOURNAL ENTRY

Dated: April 30, 2014

HENSAL, Presiding Judge.

{¶1} Appellant, Dennis Ray Lowe, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Mr. Lowe was convicted of aggravated murder, attempted aggravated murder, and gun specifications after a bench trial to a visiting judge in 2002. This Court affirmed his convictions on appeal. *State v. Lowe*, 9th Dist. Summit No. 21426, 2003-Ohio-6807. Mr. Lowe has challenged the validity of the visiting judge's qualifications to preside over his trial in at least six separate motions. Most recently, this Court affirmed the trial court's denial of his motion for a final appealable order that was filed on the same basis. *State v. Lowe*, 9th Dist. Summit No. 25475, 2011-Ohio-3355.

**{¶3}** In 2013, Mr. Lowe filed a motion in arrest of judgment that was denied by the trial court on the basis of the doctrine of res judicata. He filed a timely appeal and raises one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

STRUCTURAL ERROR WAS CREATED WHEN [THE] STATE OF OHIO ALLOWED MARY CACIOPPO TO PRESIDE OVER CASE NO. CR-02-09-2684 WHILE KNOWING THAT SHE LACKED LEGAL AUTHORITY TO HEAR CRIMINAL CASES AFTER FAILING TO MEET THE ELIGIBILITY REQUIREMENTS OF GUIDELINES 3, 13 & 15 OF THE GUIDELINES FOR THE REAPPOINTMENT OF JUDGES, (ARTICLE 12-15) THUS CALLING FOR AN AUTOMATIC REVERSAL SINCE THE TRIAL COURT IS WITHOUT JURISDICTION.

**{¶4}** Mr. Lowe argues that, because the visiting judge was allegedly ineligible to act as a judge at the time she presided over his bench trial, the trial court lacked jurisdiction over his case and his convictions are void. This Court does not agree.

**{¶5}** Mr. Lowe has presented this same argument and appended the same evidence in support of his various motions. He appears to challenge the visiting judge's compliance with continuing legal education requirements and alleges that she was precluded from acting as a judge in Ohio. In his most recent motion, Mr. Lowe argues that these alleged deficiencies resulted in a structural error that deprived him of his due process rights.

**{¶6}** This Court has previously decided that the doctrine of res judicata bars his claims concerning the visiting judge's qualifications. *Lowe*, 2011-Ohio-3355 at ¶ 9. "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." *Id.* at ¶ 7. Mr. Lowe has made the same argument in all of his previous motions, including in two motions that were denied and which he did not appeal.

**{¶7}** Mr. Lowe maintains that res judicata does not apply to preclude his claims as he has challenged the jurisdiction of the court. He is correct that void judgments are subject to collateral attack at any time and are not subject to the application of res judicata. *See Lingo v. State*, Slip Opinion No. 2014-Ohio-1052, ¶ 46. However, "[i]t is only when the trial court lacks subject matter jurisdiction that its judgment is void; lack of jurisdiction over a particular case merely renders the judgment voidable." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, ¶ 10, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 12. Mr. Lowe does not challenge the propriety of filing his case in the court of common pleas, but rather the qualifications of the visiting judge to preside over his case. "In a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over the particular case and render the judgment voidable, not void." *Id.* at paragraph one of the syllabus. *See also Ex parte Strang*, 21 Ohio St. 610, 616 (1871) ("It is to be observed that the question raised is not an inquiry into the jurisdiction of the court, but an inquiry into the right of the judge to hold the office, which is a question entirely distinct from that of the jurisdiction of the court over the offense."). Because Mr. Lowe's argument implies that his conviction was voidable, res judicata applies to preclude his claims as they could have been raised on direct appeal. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30; *Lowe*, 2011-Ohio-3355, at ¶ 9.

**{¶8}** Accordingly, the trial court did not err in denying his motion for arrest of judgment on the basis of res judicata. Mr. Lowe's assignment of error is overruled.

III.

**{¶9}** Mr. Lowe's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, J.
MOORE, J.
CONCUR.

APPEARANCES:

DENNIS RAY LOWE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.