DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Ottawa County Municipal Court following appellant's no contest plea to a charge of misdemeanor escape. Because we conclude that the trial court did not err in denying appellant's motion to dismiss based upon alleged speedy trial violations and the trial court judge was properly assigned to appellant's case, we affirm.
 {¶ 2} Appellant, Elsebeth Baumgartner, pled no contest to and was found guilty of the offense of misdemeanor escape, in violation of R.C. 2921.34(A)(1) and R.C. 2921.31(C)(2)(d). The charges stemmed from events beginning with appellant's arrest by the Ottawa County Sheriff's Department and incarceration on September 20, 2002, for allegedly violating conditions of probation imposed as a result of a previous misdemeanor conviction. Appellant, at that time a licensed Ohio attorney, was released on furlough from the Ottawa County jail on September 25 to attend a disciplinary proceedings against her which were held in Columbus, Ohio. Appellant failed to return to jail at the end of her furlough on September 26, 2002, but, instead, traveled to Texas. Appellant was indicted for "felony escape" and a warrant for her arrest was subsequently issued. On October 11, 2002, appellant was arrested in Texas on the interstate warrant and was incarcerated there until October 25, 2002, when she was released on bond. Appellant remained in Texas until November 13, 2002, when she returned to Ohio and turned herself in to authorities in Lorain County, Ohio. She was transported back to Ottawa County and returned to jail there on November 17, 2002. On November 18, 2002, the initial plea hearing was conducted in the felony escape charge; appellant pled not guilty and orally entered several motions. The felony escape charge was ultimately dismissed by the court on January 3, 2002. Appellant remained in custody until January 5, 2003, when she was released on her own recognizance ("OR bond").
 {¶ 3} On January 9, 2003, the state filed a new complaint charging appellant with misdemeanor escape based on her failure to return from the furlough in September 2002.
 {¶ 4} The trial court continued her release on the OR bond. Trial was set for February 17, 2003. On February 11, 2003, appellant moved the court for a continuance of the trial date, stating that she was hospitalized due to exhaustion and stress. The court granted her motion and trial was reset for April 17, 2003. On April 9, appellant filed a motion to dismiss based upon speedy trial violations. On the first day of trial, April 17, the court indicated that it was denying her motion to dismiss. Appellant then pled "no contest" to the misdemeanor escape charge and was found guilty by the court. She was sentenced to 180 days in jail, beginning with that day.
 {¶ 5} Appellant now appeals from that judgment, setting forth the following two assignments of error:
 {¶ 6} "I. The trial court's ruling denying defendant's motion to dismiss based upon failure to provide a speedy trial was an abuse of discretion and contrary to law.
 {¶ 7} "II. The improper and defective assignment of Judge Adkins at the trial court level left Judge Adkins without jurisdiction in the instant matter and the judgment is void."
 I. {¶ 8} We will address appellant's assignments of error in reverse order. In her second assignment of error, appellant argues that the trial court judge lacked jurisdiction over her because he was improperly assigned.
 {¶ 9} Section 5(A)(3), Article IV of the Ohio Constitution, which charges the Chief Justice with assigning common pleas court judges to other courts on a temporary basis as the need arises, further provides that "rules may be adopted to provide for the temporary assignment of judges to sit and hold court in any court established by law." The Supreme Court of Ohio has promulgated rules authorizing the Chief Justice to assign judges to serve on any municipal court. See State ex rel. Kline v. Carroll,96 Ohio St.3d 404, 2002-Ohio-4849, ¶ 23. Consequently, the Chief Justice of the Ohio Supreme Court possesses the exclusive authority to appoint another judge when a judge recuses himself. Id.
 {¶ 10} In this case, the record contains a certificate of assignment signed by Chief Justice Thomas Moyer, assigning Judge Adkins "effective September 9, 2002 to preside in the Ottawa County Municipal Court, for the months of October, 2002 through March 2003 and to conclude any proceedings in which he participated that are pending at the end of that period." This certificate was filed stamped on September 9, 2002, entered on the docket sheet of appellant's case in the Ottawa County Municipal Court, and is therefore, part of the record. After Judge Haney recused himself on January 14, 2003, appellant's case was then assigned to Judge Adkins.
 {¶ 11} Nonetheless, appellant contends that because the certificate is not "file stamped" in Ottawa County Municipal Court, that it is invalid. We have found no rule that requires such a file stamp. Moreover, even if the certificate of assignment was entirely absent from a case record, it would not void the jurisdiction of the court or Judge Adkins' authority to issue judgments and orders in appellant's case. See State v.Archer, 11th Dist. No. 2002-P-0053, 2003-Ohio-2233, ¶ 12; Statev. Shearer (Sept. 30, 1994), Portage App. No. 93-P-0052. A judge's appointment as an acting judge may not be challenged in a collateral proceeding to which the judge is not a party. Stateex rel. Sowell v. Lovinger (1983), 6 Ohio St.3d 21, 23, citing to Stiess v. State (1921), 103 Ohio St. 33, 41-42 and State v.Staten (1971), 25 Ohio St.2d 107, 110; see, also, WSOSCommunity Action Comm., Inc. v. Bessman (Aug. 20, 1993), Sandusky App. No. S-93-2 (the issue of whether the appointment of an acting judge is unlawful is not reviewable upon an appeal from an adverse judgment rendered in the underlying action).
 {¶ 12} Therefore, Judge Adkins was properly assigned as a judge and appellant may not challenge his "jurisdiction" in a direct appeal of her case. Accordingly, appellant's second assignment of error is not well-taken.
 II. {¶ 13} In her first assignment of error, appellant contends that the trial court erred in denying her motion to dismiss based upon a violation of her constitutional right to a speedy trial. We disagree.
 {¶ 14} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution. The speedy trial rights guaranteed by the federal and Ohio constitutions are essentially equivalent. State v. Butler (1969), 19 Ohio St.2d 55, 57. Ohio also has statutory provisions to ensure that a criminal defendant receives a speedy trial. See R.C. 2945.71, et seq. In reviewing a trial court's determination of whether a defendant's right to a speedy trial was violated, an appellate court applies the de novo standard to questions of law and the clearly erroneous standard to questions of fact. See United States v. Smith (C.A. 6, 1996),94 F.3d 204, 208, certiorari denied (1997), 519 U.S. 1133;United States v. Clark (C.A. 11, 1996), 83 F.3d 1350, 1352.
 {¶ 15} R.C. 2945.71 provides the following speedy trial time limit:
 {¶ 16} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 17} "* * *
 {¶ 18} "(2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days.
 {¶ 19} "* * *
 {¶ 20} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pendingcharge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section." (Emphasis added.)
 {¶ 21} Nevertheless, R.C. 2945.71(E) does not apply where a defendant is being held in custody pursuant to other charges or on a probation violation holder. State v. Brown (1992),64 Ohio St.3d 476, 479; State v. Ladd, 56 Ohio St.2d 197, at the syllabus; State v. Martin (1978), 56 Ohio St.2d 207, 211;State v. Kaiser (1978), 56 Ohio St.2d 29, 34; State v.MacDonald (1976), 48 Ohio St.2d 66, 69. In addition, R.C.2945.72(E) provides that the time within which an accused must be brought to trial may be extended by any period of delay necessitated by reason of a motion, proceeding, or action made or instituted by the accused. See State v. Martin (1978),56 Ohio St.2d 289, 297 (speedy trial time is tolled upon the filing of a motion to dismiss for violation of speedy trial rights until the motion is ruled upon). The time in which a defendant must receive a speedy trial pursuant to R.C. 2945.71(C) is tolled under R.C.2945.72(E) until the state responds in a reasonably timely fashion. State v. Benge (Apr. 24, 2000), Butler App. No. CA99-05-095. The speedy trial statute is tolled during the time period between the original dismissal of charges and the subsequent refiling of new charges based upon the same underlying facts as the original charges unless the defendant is being held in jail or released on bail pursuant to Crim.R. 12(I). See Statev. Broughton (1991), 62 Ohio St.3d 253, paragraph one of the syllabus. See, also, R.C. 2945.72(H) (continuances granted at defendant's request are not chargeable to the state).
 {¶ 22} Thus, we must calculate the days as directed in R.C. 2945 .71, keeping in mind any actions by appellant which tolled the time.
 {¶ 23} In this case, the state had 90 days within which to bring appellant to trial. Although initially charged with felony escape, appellant was later charged with misdemeanor escape, based upon the same facts. Therefore, even though the felony escape charge was ultimately dismissed, the speedy trial time for appellant's misdemeanor escape charge will relate back to and include any time appellant was incarcerated solely pertaining to the initial felony escape charge. Appellant was first in custody for the escape charge when she was picked up in Texas on the interstate warrant.
 {¶ 24} From October 11, 2002 to October 25, 2002 (15 days), she was in jail in lieu of bond on the escape charge. Since she was originally in custody pursuant to the probation violation charge and fled the jurisdiction, however, these are only single count days. We here note that the record does not contain the docket or any filings from the initial felony escape case, since this case begins with the misdemeanor escape complaint in January 2003. Nonetheless, we have been able to glean sufficient information from exhibits and transcripts filed by appellant in the record of the misdemeanor escape case to determine speedy trial time.
 {¶ 25} From October 25, 2002 to November 13, 2002, appellant remained at large in Texas. Thus, since her actions prevented the state from proceeding with the prosecution, this time would have been charged to appellant. From November 13, 2002 to January 5, 2003, appellant was incarcerated for both the probation violation and the escape charges. Any days chargeable to the state are, again, single counted days. From November 13, 2002 to November 17, 2002, appellant was being held in Lorain County. On November 18, 2002, after appellant arrived back in Ottawa County, her counsel orally submitted several "motions," including that Judge Moon recuse himself, that the indictment was defective, that the court had no jurisdiction, that the Special Prosecutor from Lucas County be disqualified for improper appointment, that the indictment needed to be by Special Grand Jury, that a conflict existed between the Lucas County Prosecutor's office and appellant, and a request for change of venue to Lorain County. Therefore, the time was tolled for a reasonable time while the court and the state prepared to respond to these many motions. In addition, in early December 2002, appellant also filed an original action in this court for the purpose of reducing bond. In a transcript from the hearing held on December 11, 2002 in that case, appellant acknowledged to this court that even if bond was granted in the escape case, appellant was still incarcerated pursuant to her alleged probation violation. Therefore, in light of the time needed to respond to appellant's many filings and other actions, the time from November 18, 2002 to the dismissal of the felony escape charge on January 3, 2003 was tolled.
 {¶ 26} Appellant remained in jail for two more days pursuant to the probation violation charge, but was released again on an OR bond on January 6, 2003. None of these days count towards either escape charge. On January 9, 2003, when appellant was charged with the misdemeanor escape charge, the speedy trial time again began to run. The time stopped running on February 11, 2003, when appellant requested a continuance of the trial date due to her hospitalization and mental health issues. A new trial date was set for April 17, 2003. In addition, appellant filed a motion to dismiss for speedy trial violation on April 9, 2003. On April 17, 2003, the time stopped running when the court denied appellant's motion to dismiss and found her guilty after her no contest plea. Therefore, the remaining days chargeable to the state were from January 9, 2003 to February 11, 2003. Based upon the previous discussion, the following is a chart showing the days chargeable to the state for speedy trial purposes:
 {¶ 27} October 11, 2002 to October 25, 2002 15
 {¶ 28} October 26, 2003 to November 13, 2002 0
Tolled
 {¶ 29} November 13, 2002 to November 17, 2002 5
 {¶ 30} November 18, 2002 to January 3, 2003 0
Tolled
 {¶ 31} January 4, 2003 to January 8, 2003 0
 {¶ 32} January 9, 2003 to February 10, 2003 33
 {¶ 33} February 11, 2003 to April 17, 2003 ............. 0
Tolled ...................................................... _________ {¶ 34} TOTAL DAYS....................................... 53
 {¶ 35} Since, by our calculation, the days chargeable to the state for speedy trial purposes total only 53, appellant was brought to trial well-within the required 90 day time limit. Therefore, we conclude that the trial court did not err in denying appellant's motion to dismiss for alleged speedy trial violations.
 {¶ 36} Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 37} The judgment of the Ottawa County Municipal Court is affirmed. Court costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Abood, J., Glasser, J., Nahra, J., Concur.
Judges Abood, Glasser and Nahra, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.