OPINION
{¶ 1} Appellant, Delbert G. Stewart, appeals from the August 16, 2005 judgment entry of the Portage County Court of Common Pleas, granting the summary judgment motion of appellee, Joseph Giulitto.
 {¶ 2} On June 15, 2004, appellant filed a complaint for legal malpractice against appellee, alleging, inter alia, that appellee was negligent in his representation of appellant in his divorce, Portage County Court of Common Pleas, Domestic Relations Division, Case Number 01 DR 00664. The malpractice case was assigned to Judge Joseph Kainrad ("Judge Kainrad"). On July 16, 2004, appellee filed his answer to appellant's complaint.
 {¶ 3} In November 2004, appellee was elected judge in the Domestic Relations Division of the Portage County Court of Common Pleas. In February 2005, Judge Kainrad retired. Judge Laurie Pittman ("Judge Pittman") was elected to fill Judge Kainrad's seat, and became judge of the General Division.
 {¶ 4} On May 3, 2005, appellant filed an objection to the recusal of Judge Pittman, as well as a motion for mandamus. Appellant claimed that, "[p]laintiff is prepared to proceed to the Supreme Court of Ohio to submit his complaint for an order of mandamus if Judge Pittman excuses herself and in any way denies the Plaintiff his right of trial by Jury. Judge Kainrad is retired, and needs to enjoy the remainder of his life, and Judgem [sic] Pittman must uphold her oath of office."
 {¶ 5} On July 14, 2005, appellee filed a motion for leave to file a motion for summary judgment instanter.
 {¶ 6} On July 15, 2005, Judge Kainrad presided over a hearing on motions. The transcript reveals that Judge Kainrad granted appellee's leave to file summary judgment. Judge Kainrad then addressed appellant's other motions. Appellant stated that he wanted to "make sure that Judge Pittman hear[d] the case." Judge Kainrad asked appellant if he wanted an outside judge to hear the case besides himself. Appellant responded "no," and reiterated that he wanted Judge Pittman to hear the case. Judge Kainrad explained to appellant that Judge Pittman could not preside over his case because appellee was now a sitting judge and the Supreme Court rules prohibited it due to it being a conflict. Appellant responded that he did not see a conflict if "she's not prejudicial." Judge Kainrad explained that, "you might not [see a conflict], but the Supreme Court has said that I am [a]ssigned in here for this [c]ourt [and] if you have a problem with me in particular, then we'll bring in Judge Schneiderman or Judge Bannon or somebody else." Appellant responded that he did not have a problem with Judge Kainrad, but that he had not heard back from Justice Moyer as to whether Judge Kainrad was supposed to hear the case. Judge Kainrad immediately summoned the assignment commissioner and asked her if she had received notice from the Supreme Court that he was assigned to the case. She named the person at the Supreme Court with whom she spoke and confirmed that "[h]e said you would exclusively be handling it from start to finish, is what [he] said." Appellee filed his motion for summary judgment after the hearing.
 {¶ 7} On July 18, 2005, appellant filed an "Objection to July 15, 2005 `Hearing on Motions.'" In his objection, appellant maintained that Judge Pittman was duly elected, that she was not present, nor was she excused, and that "retired Judge Kainrad was not welcomed, nor granted permission to hear motions, to preside over this case, or to hear any motions currently before this [c]ourt[.]" The crux of his argument was that he had a constitutional right to hold a duly elected judge accountable for her actions. He alleged that by "transfer[ring] her judicial powers to Mr. Kainrad[,]" Judge Pittman's actions could only be "construed as one of establishing a conspiracy," and bordered on an act of judicial misconduct. Appellant further claimed that he had witnesses who would testify to the illegal hearing that occurred on July 15, 2005, "despite what the transcript of an illegal hearing may be ALTERED to reflect." (Emphasis sic.)
 {¶ 8} On July 18, 2005, a certificate of assignment by the Supreme Court of Ohio was filed in the Portage County Court of Common Pleas, assigning Judge Kainrad to preside in the Portage County Court of Common Pleas "for the months of July through September 2005 and to conclude any proceedings in which he participated that are pending at the end of that period."
 {¶ 9} On July 20, 2005, a certificate of assignment by the Supreme Court of Ohio was filed in the Portage County Court of Common Pleas, specifically assigning Judge Kainrad to preside over Case Number 2004 CV 00652, Delbert Stewart v. Joseph Giulitto, effective June 23, 2005.
 {¶ 10} On August 15, 2005, appellant filed a notice with the trial court that he filed "an action of `prohibito' in the Supreme Court of Ohio" and on September 8, 2005, he filed a notice with the trial court that he filed an "action of `Mandamus' in the Supreme Court of Ohio."[1]
 {¶ 11} On August 16, 2005, the trial court granted appellee's motion for summary judgment due to the statute of limitations set forth in R.C. 2305.11 having run, as well as finding that appellant had not brought forward any evidence that appellee's representation of him fell below the standard of care. In addition, the trial court dismissed all other pending motions.
 {¶ 12} It is from this judgment that appellant timely appealed, raising the following three assignments of error:
 {¶ 13} "[1.] On July 15, 2005, there was no order or Certificate of Assignment for Judge Kainrad to conclude proceedings in which he had previously participated on file with the Clerk's office; therefore he lacked jurisdiction to preside in any hearings in the Portage County Common Pleas Court system until there was an authentic bona fide certificate from Justice Moyer; therefore, any legal hearing granting leave did not exist, only a sham hearing; therefore, any motions and then judgments arising on and beyond that date are void for the lack of jurisdiction in the first instance.
 {¶ 14} "[2.] In review, can this Court determine from the record that Judge Kainrad was not currently assigned and therefore lacking jurisdiction to preside as a Judge on the specific date of July 15, 2005; therefore there was no actual legal proceeding occurring, but only a `sham' illegal proceeding with intentions of Judge Kainrad to procure acoerced agreement, from the Appellant, that would then validate his later acquired certificate from Justice Moyer filed 5 days after the attempted coercion; a certificate that was only to give jurisdiction to conclude any proceedings in which he participated prior to July 15, 2005. Judge Kainrad has consistently lacked jurisdiction to preside over any portion of this case # 04-CV-0652. Any constitutional jurisdiction assigned to retired Judge Kainrad, was after the fact of the `granting' of motion and order for a non-oral hearing. How can any citizen expect to follow any `orders' by a retired Judge that is coercive, disrespectful, and lacks any documentation to prove jurisdiction, except for a `phone call.'
 {¶ 15} "[3.] The Trial Court, Judge Laurie Pittman, committed an error extremely prejudicial and bias to [appellant] when shedid not preside at the July 15, 2005 `hearing on motions' before her own court; address the parties with her concerns and desire to recuse herself; and to show why it would not be extremely bias to [appellant] for her to assign Judge Kainrad, a long time friend and political ally of [appellee] without any current jurisdiction to do so." (Emphasis sic.)
 {¶ 16} Appellant's assignments of error are interrelated and will be consolidated for purposes of this appeal. Appellant essentially argues that Judge Kainrad did not have the authority to hear his case due to the fact that a certificate of assignment from the Supreme Court of Ohio was not on file with the clerk's office at the July 15, 2002 hearing, and in fact, was not on file until five days after the hearing.
 {¶ 17} Section 5(A)(3), Article IV of the Ohio Constitution, provides that "[r]ules may be adopted to provide for the temporary assignment of judges to sit and hold court in any court established by law." Further, Article IV, Section 6(C) of the Ohio Constitution provides that any voluntarily retired judge, or any judge who is retired, may be assigned with his consent, by the chief justice of the supreme court to active duty as a judge. Nothing in these sections authorizes a court of appeals to review the propriety of the Chief Justice's exercise of the power of assignment granted him by that constitutional provision. Adkinsv. Adkins (1988), 43 Ohio App.3d 95, 96-97.
 {¶ 18} Appellant does not challenge the ruling in the judgment entry he is appealing. He challenges whether Judge Kainrad had the proper authority to hear and rule on his case. The Ohio Supreme Court has held that a judge's right to hear a case cannot be challenged in a collateral proceeding where the judge is not a party to that proceeding. Sowell v. Lovinger
(1983), 6 Ohio St.3d 21, 23, citing Stiess v. State (1921),103 Ohio St. 33. The Court specifically ruled that an appeal from an adverse ruling constituted a collateral proceeding if the appeal challenged the authority of the judge who heard the case. Id.
 {¶ 19} This court has also held that the issue of whether the appointment of an acting judge is appropriate is not reviewable upon appeal from an adverse judgment rendered in the underlying action. State v. Shearer (Sept. 30, 1994), 11th Dist. No. 93-P-0052, 1994 Ohio App. LEXIS 4439, at 3. See, also, State v.Staten (1971), 25 Ohio St.2d 107; and WSOS Community ActionComm., Inc. v. Bessman (Aug. 20, 1993), 6th Dist. No. S-93-2, 1993 Ohio App. LEXIS 3997. "A judge's appointment as an acting judge may not be challenged in a collateral proceeding to which the judge is not a party." State v. Baumgartner, 6th Dist. No. OT-03-013, 2004-Ohio-3907, at ¶ 11.
 {¶ 20} Even if appellant could challenge Judge Kainrad's authority in a collateral proceeding, his assignments of error still lack merit. Appellant contends that because the certificate of assignment was not filed until five days after the July 15, 2002 hearing, that Judge Kainrad did not have the authority to rule on the motions that were before the court. We disagree.
 {¶ 21} The Chief Justice of the Supreme Court issued a certificate of assignment, explicitly assigning Judge Kainrad to preside over appellant's case, effective on June 23, 2005, which was before the July 15, 2005 hearing. The certificate of assignment provided that, "[t]he Honorable Joseph Robert Kainrad a retired judge of the Portage County Court of Common Pleas, General Division, is assigned effective June 23, 2005 to preside in the Portage County Court of Common Pleas, General Division, to hear case 2004 CV 00652, Delbert Stewart v. Joseph Giulitto and to conclude any proceedings in which he participated." Thus, we conclude that Judge Kainrad had full authority to hear the case and rule on the pending motions.
 {¶ 22} Further, the fact that the certificate was filed five days after the hearing does not render it void. In Shearer,
supra, at 4, quoting Williams v. Banner Buick, Inc. (1989),60 Ohio App.3d 128, 134, we stated, "`[a]lthough a journalized entry formally appointing an acting judge would have been better practice, failure to do so in this case does not render the actions of such acting judge void.'" Further, in Baumgartner,
supra, at ¶ 11, the court held, "even if the certificate of assignment was entirely absent from a case record, it would not void the jurisdiction of the court or [the judge's] authority to issue judgments and orders in appellant's case." In the case at hand, the certificate of assignment was journalized, albeit five days after the hearing.
 {¶ 23} Moreover, the record reflects that appellant did not object at the hearing to Judge Kainrad's appointment or authority. In fact, Judge Kainrad specifically asked appellant if he wanted another judge to hear the case and appellant responded that he did not have a problem with Judge Kainrad hearing the case. "`[T]he decision by [appellant] to proceed without challenge or objection concerning the appointment of [the judge] renders any possible error waived.'" Shearer, supra, at 5.
 {¶ 24} We note that appellant did pursue the appropriate means to challenge the authority of an assigned judge through an action for mandamus and prohibition. See Seaford v. Norfolk S.Ry. Co., 159 Ohio App.3d 374, 2004-Ohio-6849, at ¶ 17, reversed on other grounds (2005), 106 Ohio St.3d 430, 2005-Ohio-5407. Both actions were dismissed by the Supreme Court of Ohio without a published opinion.[2]
 {¶ 25} Thus, Judge Kainrad was properly assigned as a judge and appellant may not challenge his authority or appointment in a direct appeal of his case. Accordingly, appellant's assignments of error are not well-taken.
 {¶ 26} The judgment of the Portage County Court of Common Pleas is affirmed.
O'Neill, J., Rice, J., concur.
[1] The Supreme Court dismissed the prohibition action on October 26, 2005, without a published opinion, in Stewart v.Kainrad, 106 Ohio St.3d 1553, 2005-Ohio-5531 and dismissed the mandamus action on November 9, 2005, without a published opinion, in Stewart v. Kainrad, 107 Ohio St.3d 1403, 2005-Ohio-5859.
[2] See fn. 1.