[Cite as *State v. Cann*, 2012-Ohio-309.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,               CASE NO.  12-11-09

      v.

MICHAEL J. CANN,                      O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Putnam County Common Pleas Court
Trial Court No. 2011 CR 36

**Judgment Affirmed**

Date of Decision:   January 30, 2012

APPEARANCES:

    *Esteban R. Callejas*  for Appellant

    *Todd C. Schroeder* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Michael J. Cann ("Cann") brings this appeal from the judgment of the Court of Common Pleas of Putnam County convicting him of one count of gross sexual imposition. For the reasons set forth below, the judgment is affirmed.

{¶2} On June 4, 2010, Cann was indicted in case number 11-CR-22 for one count of rape in violation of R.C. 2907.02(A)(2). On April 12, 2011, the State filed a Bill of Information alleging that Cann had committed one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the fourth degree. This charge was assigned case number 11-CR-36. Cann, on that same date, waived indictment and entered a guilty plea to the bill of information. In exchange for the guilty plea, the State agreed to dismiss case number 11-CR-22 and to recommend a sentence of eighteen months. The matter was continued for sentencing and preparation of a presentence investigation report.

{¶3} On May 19, 2011, the State filed a motion to revoke Cann's bond alleging that he had attempted to intimidate the victim of the offense. A misdemeanor charge of Intimidation of a Victim was also filed. The trial court then revoked Cann's bond on May 24, 2011.

{¶4} On June 6, 2011, a sentencing hearing was held. The trial court sentenced Cann to eighteen months in prison. Cann appeals from this judgment and raises the following assignments of error.

## First Assignment of Error

**The trial court erred when it imposed the maximum sentence upon [Cann].**

## Second Assignment of Error

**The trial court erred when it admitted evidence that should have been suppressed.**

{¶5} Cann alleges in the first assignment of error that the trial court erred in sentencing him to the maximum sentence. Cann argues that the trial court did not consider the appropriate sentencing factors. Trial courts have discretion to impose a prison sentence within the statutory range for the offense from which the conviction stems. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶6} Here, the case arose from a charge of rape. It was later recharged as gross sexual imposition in a new case and the original case was dismissed. Cann entered a guilty plea at the hearing on April 12, 2011.

> **[The Court]: The charge states that on or about the 30th of April 2010, which is about one year ago, Mr. Cann, that you did have sexual contact with somebody, and that you knew that she was unable to understand because of her mental or physical**

**condition, that she was unable to resist or consent; do you understand what that says?**

**[Mr. Cann]: Yes.**

**Q.      All right.  Did you have sexual contact with somebody?**

**A.      Yes.**

**Q.      And did you know that she had difficulties in understanding because of mental disabilities?**

**A.      Yes.**

**Q.      All right.  Tell me what you did?**

**A.      Had sex.**

**Q.      All right.  When you say you had sex, you had sexual intercourse with her?**

**A.      Yes.**

**Q.      All right.   And you knew that she wasn't agreeing to that either because she was saying no or because she was unable to understand; is that correct?**

**A.      Yes.**

April 12, 2011, Tr. 16-17.  At sentencing, the trial court recognized that Cann had admitted to raping the victim though the charge was only gross sexual imposition.

**As to the within case, the Court will point out that the defendant has benefitted from what appears to be a significant reduction in what is the charge here, that being from a first degree felony rape count to the count being the fourth degree felony that is before the Court, facing a maximum period of 18 months.  As indicated by the Court, it appears that the defendant did**

> **understand the wrongfulness of the acts here as shown by the misrepresentations that the defendant made during the period that he was being questioned by the sheriff's department. Clearly during that period there were statements made by the defendant that he knew to be untrue in an attempt to avoid what may be sanctions and penalties imposed by others or the prosecution that would be involved here.**
>
> **The defendant's mental challenges, notwithstanding, it is clear to the Court that the defendant committed here an aggressive, violent sexual act, and that the defendant made misrepresentations about that, that he knew were misrepresentations upon being questioned.**
>
> **At this time, given the factual basis of the charge, the Court is making a determination that this is the worst form of the offense, being the gross sexual imposition.**

June 30, 2011, Tr. 13-14. The sentence imposed by the trial court is within the statutory range for a fourth degree felony. The facts presented support the findings made by the trial court. Thus, the first assignment of error is overruled.

{¶7} In the second assignment of error, Cann alleges that the trial court erred in overruling his motion to suppress in case number 11-CR-22. This appeal is brought from case number 11-CR-36, not 11-CR-22. Additionally, the State agreed to dismiss case number 11-CR-22 in exchange for the guilty plea in case number 11-CR-36. April 12, 2011 Tr. 2. Even if we were to consider the motion to suppress as part of this case, a guilty plea waives any possible error in the denial of a motion to suppress. *State v. Gadd*, 6th Dist. No. OT-08-053, 2010-Ohio-3072, ¶5; *State v. Smith*, 3d Dist. No. 1-04-06, 2004-Ohio-4004, ¶8, *State v. McQueeney*,

148 Ohio App.3d 606, 2002-Ohio-3731, ¶13, 774 N.E.2d 1228. Cann entered a guilty plea, so any error in denying the motion to suppress was waived. The second assignment of error is overruled.

{¶8} The judgment of the Court of Common Pleas of Putnam County is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**