[Cite as *Sylvania v. Murray*, 2015-Ohio-5023.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

City of Sylvania/State of Ohio

Court of Appeals No. L-15-1036

Appellee

Trial Court No. CRB1401155

v.

William F. Murray, III

**DECISION AND JUDGMENT**

Appellant

Decided: December 4, 2015

* * * * *

Robert A. Pyzik, City of Sylvania Chief Prosecutor, and Melissa R. Bergman, Assistant Prosecutor, for appellee.

Neil S. McElroy, for appellant.

* * * * *

**YARBROUGH, P.J.**

## I. Introduction

{¶ 1} Appellant, William Murray, III, appeals the judgment of the Sylvania Municipal Court, finding him guilty of disorderly conduct and ordering him to pay a fine of $100 plus costs. We affirm.

## A. Facts and Procedural Background

{¶ 2} On June 25, 2014, appellee, the city of Sylvania, mailed a summons and complaint to appellant. According to the complaint, appellant was charged with one count of soliciting prostitution in violation of R.C. 2907.24, a misdemeanor of the third degree. The charge stemmed from an incident that occurred six days earlier. The record demonstrates that appellant did not receive the summons and complaint until July 2, 2014.

{¶ 3} Upon receiving the summons and complaint, appellant retained counsel. On July 11, 2014, appellant's counsel filed an entry of appearance and declined to waive appellant's right to a speedy trial. Four days later, appellant filed an additional entry of appearance and a request for discovery.

{¶ 4} Thereafter, on July 29, 2014, the city filed a motion to continue the trial date due to the unavailability of the arresting police officer. The motion to continue was filed with the trial court via facsimile, and was sent to appellant on the same date. Along with the motion, the city attached its discovery, which consisted of the police investigation report prepared by the Lucas County Sheriff's Office. A supplemental crime report was later faxed to appellant on August 13, 2014.

{¶ 5} While the city's motion to continue was pending before the trial court, appellant, on August 22, 2014, filed a motion to dismiss based upon alleged speedy trial violations. Four days later, the parties appeared before the trial court for a hearing on

2.

appellant's motion to dismiss. At the conclusion of the hearing, the trial court took the matter under advisement. Eventually, the trial court issued its decision, concluding that appellant's speedy trial rights were not violated because the 45-day statutory time limit that was applicable in this case had not expired after accounting for the time that was tolled during the pendency of appellant's request for discovery. In its entry, the court found that the record was lacking any indication as to whether the city complied with appellant's discovery request. Nonetheless, the trial court held that the time limit was tolled for a "reasonable time," which the court identified as a period of seven days.

{¶ 6} Subsequently, appellant entered a plea of no contest to the reduced charge of disorderly conduct in violation of R.C. 2917.11(A)(1), a minor misdemeanor, and was ordered to pay a fine of $100, along with court costs. It is from this order that appellant now appeals.

### B. Assignments of Error

{¶ 7} On appeal, appellant asserts the following errors for our review:

Assignment of Error No. 1: The trial court erred when it denied Mr. Murray's Motion to Dismiss on Speedy Trial Grounds.

Assignment of Error No. 2: The appellant did not receive the effective assistance of counsel as guaranteed by the Constitutions of the United States and the State of Ohio when counsel filed the motion to dismiss on August 22, 2014, and the trial was not scheduled until [August] 26, 2014.

3.

## II. Analysis

### A. Speedy Trial Considerations

{¶ 8} In his first assignment of error, appellant argues that the trial court erred in denying his motion to dismiss on speedy trial grounds. In particular, appellant contends that the court improperly set the tolling period at seven days without any evidence as to how long it actually took the city to provide the requested discovery.

{¶ 9} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). Under R.C. 2945.71(B)(1), an accused facing a criminal charge for a misdemeanor of the third degree must be brought to trial within 45 days after the accused's arrest or the service of summons. This time limit is tolled during "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E). Relevant here, the Ohio Supreme Court has stated that an accused's demand for discovery tolls the time limit under R.C. 2945.72(E). *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus.

{¶ 10} In this case, the parties agree that appellant received the summons and complaint on July 2, 2014. Barring any tolling of the 45-day time limit, appellant could be brought to trial no later than August 16, 2014. However, appellant filed a request for discovery on July 15, 2014. The state was allowed a reasonable time to respond to that request, during which the speedy trial period is tolled. *State v. Bates*, 6th Dist. Williams No. WM-12-002, 2013-Ohio-1270, ¶ 21.

4.

{¶ 11} Here, appellant asserts that "[t]here was no indication at the hearing or in the trial court's docket when discovery was provided to the defendant." At the outset, we disagree with appellant's assertion. Notably, the record contains two facsimile cover sheets indicating the city's provision of discovery materials, dated July 29, 2014, and August 13, 2014. Moreover, the record contains a notation on the cover page of appellant's entry of appearance and request for discovery stating "Discovery Sent 7-29-14." Thus, we find that the 45-day time limit was tolled for a period of 14 days beginning with appellant's request for discovery filed on July 15, 2014, and ending no earlier than the city's initial provision of discovery materials on July 29, 2014.

{¶ 12} Factoring in the additional 14-day period, the speedy trial time limit under R.C. 2945.71(B)(1) would not have expired until August 30, 2014. As noted above, appellant filed his motion to dismiss on August 22, 2014, four days before his trial was scheduled to take place. Since the speedy trial time limit had not yet expired, the trial court properly denied appellant's motion to dismiss.

{¶ 13} Even assuming, arguendo, that appellant is correct in his assertion that the record lacks any indication as to when the city provided the requested discovery, our conclusion remains the same. Indeed, even when the record does not indicate the date on which the requested discovery was produced, the speedy trial time limit is still tolled for a "reasonable amount of time." *State v. Gonzalez*, 10th Dist. Franklin No. 08AP-716, 2009-Ohio-3236, ¶ 23. We have previously held that 30 days is a "reasonable time" to

5.

respond to an accused's discovery request. *Bates* at ¶ 21. In this case, the trial court afforded the city only seven days of tolling. Upon consideration, we do not find that the trial court erred in tolling the speedy trial time limit by seven days, even assuming the record is not clear as to when the city complied with appellant's discovery request.

{¶ 14} Accordingly, appellant's first assignment of error is not well-taken.

## B. Ineffective Assistance of Counsel

{¶ 15} In his second assignment of error, appellant argues that his trial counsel was ineffective for failing to wait until August 26, 2014, the date of his trial, to file the motion to dismiss.

{¶ 16} In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687-688, 694. In light of our prior conclusion that the speedy trial time limit in this case did not expire until August 30, 2014, we find that appellant cannot establish that the result of these proceedings would have been different had trial counsel waited until August 26, 2014, to file the motion to dismiss.

{¶ 17} Accordingly, appellant's second assignment of error is not well-taken.

6.

## III. Conclusion

{¶ 18} Having found appellant's assignments of error not well-taken, we affirm the judgment of the Sylvania Municipal Court. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____
                                                          JUDGE

Thomas J. Osowik, J.

                                         _____
Stephen A. Yarbrough , P.J.                                  JUDGE
CONCUR.

                                         _____
                                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.