[Cite as *State v. Arrington*, 2017-Ohio-2578.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

State of Ohio                                                 Court of Appeals No. E-16-050

      Appellant                                          Trial Court No. 2016-CR-0101

v.

Renisha C. Arrington                                **DECISION AND JUDGMENT**

      Appellee                                           Decided:  April 28, 2017

* * * * *

Kevin J. Baxter, Erie County Prosecuting Attorney, Mary Ann Barylski,
Chief Assistant Prosecuting Attorney, and Jonathan M. McGookey,
Assistant Prosecuting Attorney, for appellant.

Matthew H. Kishman, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, state of Ohio, appeals the August 23, 2016 judgment of the Erie

County Court of Common Pleas which granted defendant-appellee Renisha Arrington's

motion to dismiss the indictment based upon the state's violation of her right to a speedy

trial.  Because we find that the trial court did not err, we affirm.

{¶ 2} The facts of this case are as follows. On December 18, 2015, a complaint was filed in Sandusky County Municipal Court charging appellee with identity fraud. A warrant was issued and appellee was arrested on the same date. Appellee was discharged from custody on December 23, 2015. On that date, appellee executed a speedy trial waiver.

{¶ 3} On February 24, 2016, appellee was re-arrested on a warrant for possession of drugs. Thereafter, she was charged with multiple felonies. Appellee was not able to post bond and remained in jail. On March 7, 2016, appellee waived a preliminary hearing and the case was bound over to the Erie County Court of Common Pleas.

{¶ 4} On April 14, 2016, a ten-count indictment was filed charging appellee with receiving stolen property, identity fraud, two counts of complicity to commit felonious assault, two counts of complicity to commit aggravated robbery, two counts of complicity to commit aggravated burglary, and two counts of complicity to commit attempted murder. Trial counsel filed his notice of appearance on April 15, 2016.

{¶ 5} On April 28, 2016, appellee filed her motion for discovery requesting various statements and records and a list of potential witnesses. Appellee further stated that her request included" [a]ny other evidence either required to be disclosed or permitted to be disclosed by the Ohio Rules of Criminal Procedure, the Ohio Revised Code, and either the state or federal constitution." Appellee was arraigned the same day and entered not guilty pleas to the charges. The next day, the state filed its answer to

2.

discovery indicating that it had "responded fully" to appellee's discovery request and made a reciprocal discovery request.

{¶ 6} Appellee filed a supplemental request for discovery on May 10, 2016, which included witnesses and co-defendant criminal histories, police interrogation and body and dashboard camera videos, all information regarding the issuance and execution of search warrants, DNA evidence, and the name and address of the state's confidential informant.

{¶ 7} In a letter dated May 18, 2016, the state provided an extensive list of evidence and witnesses which it indicated could be used at trial. On May 20, 2016, appellee filed a motion for a continuance of the May 23, 2016 trial date. The motion stated: "State has yet to comply with Defendant's discovery request. Counsel was advised State has full discovery available as of today. Counsel's continuance is to review full discovery State has available today." The motion was granted and a pretrial was set for May 31, 2016.

{¶ 8} On May 31, 2016, at 9:00 a.m., appellee filed a motion to compel discovery stating that despite numerous requests the state had not provided the identity of the confidential informant and all witness and co-defendant statements. Appellee requested a "hearing to determine not only why the State is withholding th[e] information * * * but also exactly what other materials the State still possess[ed] in addition to the specific items above."

{¶ 9} On the same date, at 3:13 p.m., the state filed a certification for non-disclosure requesting that a confidential informant remain anonymous due to safety

3.

concerns. The certification was supported by the affidavit of one of the primary detectives.

{¶ 10} On June 3, 2016, the state again provided a supplemental answer to discovery again including multiple DVDs and reports. Discovery was again supplemented on June 14 and July 7, 2016.

{¶ 11} On June 7, 2016, appellee filed a motion to dismiss the case arguing that she was not brought to trial within the statutorily mandated time period. Anticipating the state's opposition, appellee further contended that her motions for a continuance and for supplemental discovery necessitated by the state's failure to properly provide discovery should not toll the speedy-trial time limitation. As expected, in its opposition the state argued that pursuant to R.C. 2929.72(E) and (H) and Ohio case law, appellee's request for a continuance and requests for discovery tolled the speedy-trial time limits.

{¶ 12} A hearing on the motion to dismiss was held on June 14, 2016. On August 23, 2016, the trial court granted appellee's motion to dismiss. Significantly, the court found that appellee's request for a continuance of the trial date arose due to the state's failure to provide discovery. The court commented that the state provided an "enormous" amount of discovery days before trial and stated that appellee still had to file a motion to compel because discovery was still not complete. Based on these findings, the court found that the delays necessitated by the continuance and the motion to compel, 18 days total, must be charged to the state. This brought the calculation of the time run to

4.

93 days, or 279 days since appellee was jailed during the course of the proceedings. The court then granted the motion and dismissed the action. This appeal followed.

{¶ 13} The state now raises the following assignment of error:

Assignment of Error No. I: The trial court committed prejudicial error when the trial court dismissed the indictment for failure to bring appellee to trial within the statutory speedy trial provisions.

{¶ 14} The right to a speedy trial is guaranteed by the United States and Ohio Constitutions. *State v. Adams*, 43 Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989). The greatest level of offense for which the defendant is charged determines the time by which he must be brought to trial when he is charged with multiple offenses. R.C. 2945.71(D). Further, each day an accused is held in jail in lieu of bail on the pending charges is counted as three days for purposes of computing the time limit. R.C. 2945.71(E). Once the accused has demonstrated that the speedy-trial time period has expired, he has established a prima facie case for dismissal. *State v. Geraldo*, 13 Ohio App.3d 27, 28, 468 N.E.2d 328 (6th Dist.1983). The burden then shifts to the state to demonstrate that sufficient time was tolled or extended pursuant to R.C. 2945.72. *Id.* In calculating the speedy trial time, and considering the possible extensions of that time, the provisions of R.C. 2945.72 are to be strictly construed against the state. *State v. Singer*, 50 Ohio St.2d 103, 108-109, 362 N.E.2d 1216 (1977).

{¶ 15} On review of a speedy trial issue, an appellate court applies a de novo standard to questions of law and the clearly erroneous standard to questions of fact. *State*

5.

*v. Baumgartner*, 6th Dist. Erie No. OT-03-013, 2004-Ohio-3907, ¶ 14, citing *United States v. Smith*, 94 F.3d 204, 208 (6th Cir.1996), *cert. denied*, 519 U.S. 1133, 136 L.Ed.2d 877, 117 S.Ct. 997 (1997).

In this case, appellee was charged with multiple first-degree felonies. Under R.C. 2945.71(C) (2), a person charged with a first-degree felony must be brought to trial within 270 days of his arrest. Relevant to this appeal, appellee was arrested on February 24, 2016, and was still in custody on June 7, 2016, the date the motion to dismiss was filed. The day of arrest does not count toward the computation of the time by which an accused must be brought to trial. *State v. Lautenslager*, 112 Ohio App.3d 108, 110, 677 N.E.2d 1263 (3d Dist.1996). It is undisputed that 108 days passed between the time of appellee's initial arrest and the date of her motion to dismiss.[1] Thus, we must examine the potential tolling events to determine the issue before us.

{¶ 16} The time by which an accused must be brought to trial may be tolled under the circumstances listed in R.C. 2945.72, including:

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

* * *

---

[1] Whether the five days from December 18 to December 23, 2015, should be included in this calculation is immaterial since the time is undisputedly tolled.

6.

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion[.]  R.C. 2945.72.

{¶ 17} Accordingly, where an accused requests a continuance of a trial, that request tolls the statutory speedy-trial period from the date of the request until the date of the rescheduled trial.  *State v. Russell*, 7th Dist. Columbiana No. 13 CO 16, 2014-Ohio-2467, ¶ 52-53.  Similarly, an accused's filing of a motion for discovery tolls the time by which the accused must be brought to trial.  *City of Sylvania v. Murray*, 6th Dist. Lucas No. L-15-1036, 2015-Ohio-5023, ¶ 9, citing *State v. Brown*, 98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159, syllabus.

{¶ 18} While the above actions generally toll the speedy-trial period, where the court finds that a party has neglected to provide discovery within a reasonable time and/or that the actions of a party necessitate the request for a continuance or motion to compel, the court may refuse to toll the speedy-trial period.  The relevant inquiry is whether the actions (or reasons justifying inaction) of the opposing party were reasonable.  *See generally State v. Knight*, 2d Dist. Greene No. 03-CA-014, 2005-Ohio-3179.

{¶ 19} In the present case, at the June 14, 2016 hearing on the motion to dismiss and in its briefing, the state stressed that it fully complied by providing the discovery that it had at the time of the various requests.  The state also commented on the fact that appellee filed supplemental motions for discovery.  In response, appellee's counsel

7.

argued that Crim.R. 16 broadly covers all disclosable materials and that providing him scant discovery until days before trial when counsel was given 40 DVDs and a large packet of discovery forced him to request a continuance. Appellee further argued that the state failed to divulge the name of its confidential informant or file a certificate of nondisclosure until May 31, 2016, after the initial trial date.

{¶ 20} In its August 23, 2016 judgment entry, the trial judge calculated the speedy-trial time as follows: February 24, 2016, the date of arrest, was not counted, February 25 through 29 (five days) was chargeable to the state. February 29 through March 2, the court found the time was tolled in order for appellant to secure counsel. From March 2 through April 28, 2016 (57 days), the court found was chargeable to the state. On April 28, appellee filed her initial request for discovery, the state responded on April 29, one day was tolled. Also on April 29, the state filed a reciprocal motion for discovery, appellee responded on May 10, 2016. The court concluded that this was a reasonable about of time and it was not tolled.

{¶ 21} As to appellee's May 10, 2016 motion for supplemental discovery, the court found that the state's indication that it "fully complied" with appellee's initial discovery requests did not foreclose additional discovery becoming available. The court then tolled the time from May 10 through May 18, and from May 18 to May 20 (11 days.)

{¶ 22} On May 20, 2016, appellee filed a motion to continue the May 23, 2016 trial date on the basis that the state had yet to provide all the discovery requested.

8.

Finding that May 20 through May 31, 2016 (11 days) should be charged to the state, the court stressed that "an enormous amount of discovery" was provided to appellee only five days before trial and that discovery still had not been fully provided which necessitated the May 31, 2016 motion to compel. The court further found that this too would be chargeable to the state until appellee's June 7, 2016 motion to dismiss (seven days.)

{¶ 23} The state's first argument is that the trial court abused its discretion in determining that appellee's request for a continuance did not toll the speedy-trial provisions. As in the trial court, the state relies on *State v. Matland*, 7th Dist. Mahoning No. 09-MA-115, 2010-Ohio-6585, for the proposition that the delay caused by a motion filed by a defendant should be a tolling event pending the state's response. *Id.* at ¶ 43. The *Matland* court reasoned:

"It is the filing of the motion itself, the timing of which the defense can control, that provides the state with an extension. R.C. 2945.72(E) implicitly recognizes that when a motion is filed by defendant, there is a 'period of delay necessitated' -- at the very least, for a reasonable time until the motion is responded to and ruled upon." *Id.*, quoting *State v. Sanchez*, 110 Ohio St.3d 274, 2006-Ohio-4478, 853 N.E.2d 283, ¶ 26.

{¶ 24} Conversely, appellee argues that the state's numerous discovery violations, as will be discussed infra, fully supported the court's refusal to toll the speedy-trial time following her motion for a continuance. Appellee asserts the general premise that where

9.

a motion is "necessitated by the State's failure to fully comply with Defendant's earlier discovery request, any delay caused by the motion is not chargeable to Defendant and does not toll the speedy trial time." *State v. Knight*, 2d Dist. Greene No. 03-CA-014, 2005-Ohio-3179, ¶ 19, citing *State v. McDaniel*, 2d Dist. Miami No. 92-CA-38, 1994 Ohio App. LEXIS 3141 (July 13, 1994).

{¶ 25} Upon review, we find that unlike the court's observation in *Matland, supra*, appellee could not control the timing of her motion for a continuance. Appellee's counsel filed his motion the day he received 40 DVDs and numerous documents. We do not find error in the court's failure to toll time against appellee upon her filing of a motion for a continuance.

{¶ 26} The state next argues that it was error for the trial court to refuse to toll time against appellee for filing a motion for a continuance as a discovery sanction. The state contends that the effect of the court's action caused the speedy-trial violation and the action to be dismissed. The state asserts that the court was required to impose the least severe discovery violation sanction.

{¶ 27} Crim.R. 16(L)(1) provides:

> (L) Regulation of discovery.
>
> (1) The trial court may make orders regulating discovery not inconsistent with this rule. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the

10.

court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances.

{¶ 28} The parties agree that a trial court has broad discretion in determining the appropriate sanction for a discovery violation. *State v. Brewster*, 1st Dist. Hamilton Nos. C-030024, C030025, 2004-Ohio-2993, ¶ 36, citing *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991). Thus, an appellate court reviews a trial court's discovery sanction for an abuse of that discretion.

{¶ 29} Courts have acknowledged the following exception to the general rule that a defendant's demand for discovery is charged against the defendant for speedy trial purposes:

[W]hen the defendant files a demand for discovery, the state does not timely provide such discovery, and the defendant must file a motion to compel discovery pursuant to Crim.R. 16(E)(3). Once the trial court enters an order compelling discovery or granting a continuance, the resulting continuance is charged against the state, if the state's delay was "willful and prejudicial to the defense." *State v. Wamsley* (1991), 71 Ohio App.3d 607, 611, 594 N.E.2d 1123. *State v. Benge*, 12th Dist. Butler Case No. CA99-05-095, 2000 Ohio App. LEXIS 1782 (Apr. 24, 2000).

11.

*See generally State v. Parson*, 6 Ohio St.3d 442, 453 N.E.2d 689 (1983) (factors used to determine an appropriate sanction for a discovery violation committed by the state.)

{¶ 30} In the court's August 23, 2016 judgment entry granting appellant's motion to dismiss on a speedy-trial violation, the court found that the filing of appellee's motion for a continuance of the trial date, May 20, and the rescheduled date, May 31, should not toll the speedy-trial limitation. The court noted:

> [A]n enormous amount of discovery was provided to Defendant only five days before the trial. In fact, important evidence was not disclosed until after the trial date as well as the certification of nondisclosure of the confidential informant. Since much of the evidence disclosed on May 18, 2016 and beyond fails to include the supplemental answer the date in which the evidence was "within possession or reasonable available to the State" pursuant to Crim.R. 16(B) this Court cannot justify why the State should be permitted to disclose such a large amount of discovery to the Defendant so close to the trial date and even after the trial date while tolling time against the Defendant in order for her counsel to sufficiently review the materials. Further, while the state includes in some supplemental discovery answers the generic language that the State believes the disclosed evidence to be outside the scope of discovery pursuant to Crim.R. 16, the State does not specifically address why the evidence is outside the scope. Also, this Court

12.

finds much of the evidence to be within the scope of Crim.R. 16, especially evidence relating to the alleged victim or Co-Defendants.

Traditionally a Defendant's motion to continue a trial tolls time pursuant to R.C. 2945.72(H). However, based upon the unfortunate set of facts presented in this case in which the state has repeatedly failed to disclose discovery in a reasonable amount of time and/or provide sufficient justification for any delay this Court finds it unfair to toll time against Defendant. Eleven days must be attributed to the ninety day speedy trial time.

{¶ 31} Further, the court determined that because appellee's motion to compel was "'necessitated by the State's failure to fully comply with Defendant's earlier discovery request, any delay caused by the motion is not chargeable to Defendant and does not toll the speedy trial time.' *State v. Knight*, 2[d] Dist. Greene No. 03-CA-014, 2005-Ohio-3179, ¶ 19."

{¶ 32} Reviewing the court's decision, the record in this case, and the relevant case law, we cannot say that the trial court abused its discretion when it refused to toll time against appellee in granting the motion for continuance necessitated by the state's unexplained discovery violations or in charging the time caused by the motion to compel to the state.

{¶ 33} The state's final argument is that the actual speedy-trial time calculation demonstrates that her rights were not violated and that the motion should not have been

13.

granted. On review, we find that the state is merely rehashing its earlier arguments which we rejected. Accordingly, we find that the record and case law support our conclusion that the trial court did not abuse its discretion when it granted appellee's motion to dismiss the charges. The state's assignment of error is not well-taken.

{¶ 34} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas is affirmed. Pursuant to App.R. 24, the state is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

Thomas J. Osowik, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE