[Cite as *State v. Phillips*, 2017-Ohio-9063.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio

      Appellee

v.

Terrance Lavander Phillips

      Appellant

Court of Appeals Nos. WD-16-020
WD-16-028
WD-16-029

Trial Court Nos. 2015CR0349
2015CR0388

**DECISION AND JUDGMENT**

Decided: December 15, 2017

* * * * *

Terrance Phillips, pro se.

* * * * *

**MAYLE, J.**

{¶ 1} In these consolidated cases, Terrance L. Phillips has filed a timely App.R.

26(B) application to reopen the appeals. For the following reasons, we grant the

application.

{¶ 2} On March 24, 2016, a jury in the Wood County Court of Common Pleas

convicted Phillips on all counts set forth in two, multiple count indictments. In the first,

Phillips was convicted of one count of felonious assault, one count of having weapons while under disability, and two counts of carrying concealed weapons. The counts included multiple specifications (case No. 2015CR0349). In the second, Phillips was convicted of one count of trespass in a habitation and four counts of breaking and entering (case No. 2015CR0388).

{¶ 3} On August 4, 2017, we affirmed the convictions on direct appeal. *State v. Phillips*, 6th Dist. Wood Nos. WD-16-020, WD-16-028, WD-16-029, 2017-Ohio-7107.

{¶ 4} On October 2, 2017, Phillips filed his application to reopen the appeals. The state did not object or otherwise respond.

{¶ 5} Under App.R. 26(B)(1), a criminal defendant can apply for reopening of his appeal from a judgment of conviction and sentence based on a claim of ineffective assistance of appellate counsel. The application for reopening "shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

{¶ 6} The two-prong analysis found in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 67 (1984), is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). *State v. Spivey*, 84 Ohio St.3d 24, 25, 701 N.E.2d 696 (1998). Thus, the applicant "must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a 'reasonable probability' that he would have been successful." *Id.,* citing *State v. Reed*, 74 Ohio St.3d 534, 535, 660 N.E.2d 456 (1996).

2.

The applicant "bears the burden of establishing that there was a 'genuine issue' as to whether he has a 'colorable claim' of ineffective assistance of counsel on appeal." *Id.*

{¶ 7} In his application, Phillips argues that his appellate counsel was ineffective for failing to raise a violation of his right to a speedy trial under the Sixth Amendment to the U.S. Constitution and the Ohio Constitution, Article I, Section 10.

{¶ 8} R.C. 2945.71(C)(2) requires that the state bring a person charged with a felony to trial within 270 days after the person's arrest. If the person is held in jail, however, each day spent in jail counts as three days. R.C. 2945.71(E).

{¶ 9} Once the accused demonstrates that the speedy-trial time period has expired, he has established a prima facie case for dismissal. *State v. Arrington*, 6th Dist. Erie No. E-16-050, 2017-Ohio-2578, ¶ 14. The burden then shifts to the state to demonstrate that sufficient time was tolled or extended pursuant to R.C. 2945.72 such that no violation occurred. *State v. Hohenberger*, 189 Ohio App.3d 346, 2010-Ohio-4053, 938 N.E.2d 419, ¶ 35.

{¶ 10} "R.C. 2945.72 contains an exhaustive list of events and circumstances that extend the time within which a defendant must be brought to trial." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-309, 971 N.E.2d 937, ¶ 24. In calculating the speedy trial time, and considering the possible extensions of that time, the provisions of R.C. 2945.72 are to be strictly construed against the state. *State v. Singer*, 50 Ohio St.2d 103, 108-109, 362 N.E.2d 1216 (1977).

3.

{¶ 11} In his application, Phillips makes no effort to analyze the record to demonstrate that he was not tried on a timely basis. His argument is conclusory only, i.e. that his right to a speedy trial was violated.

{¶ 12} We have reviewed the journal entries in each case. In the first, Phillips was arrested on August 25, 2015; in the second, he was arrested on September 18, 2015. The speedy trial time begins to run when an accused is arrested for the offense in question, but the actual day of the arrest does not count. R.C. 2945.71(C)(2); *State v. Steiner*, 71 Ohio App.3d 249, 250-251, 593 N.E.2d 368 (9th Dist.1991). Phillips' trial began on March 22, 2016. From our review, it does not appear that Phillips ever posted bond and that he spent the entire time, between his first arrest and the trial, in jail. Therefore, the triple-count provision of R.C. 2945.71(E) applies, and Phillips' burden of establishing that more than 90 days elapsed between his arrest and trial is satisfied. By our count, 210 days elapsed in this case.

{¶ 13} Moreover, absent any argument by the state to rebut that presumption, with record evidence that a sufficient number of days within that time period were tolled under R.C. 2945.72, we find that there is genuine issue as to whether Phillips' right to a speedy trial was violated. Under App.R. 26(B), this court shall grant the application upon finding such an issue. Therefore, Phillips' motion for reopening is granted.

{¶ 14} This case shall proceed as on an initial appeal on the sole issue stated, pursuant to App.R. 26(B)(7).

4.

**{¶ 15}** Finding that Phillips is indigent, the court sua sponte appoints Edward Stechschulte, 5550 W. Central Avenue, P.O. Box 352170, Toledo, Ohio, 43635, to represent him in this appeal. Phillips may file a motion to supplement the record with necessary trial transcripts within 20 days and his brief shall be filed within 20 days thereafter.

**{¶ 16}** The clerk shall serve notice of journalization of the entry of this order on the parties and the clerk of the trial court.

**{¶ 17}** It is so ordered.

Application granted.

Mark L. Pietrykowski, J.

_____
JUDGE

James D. Jensen, P.J.

Christine E. Mayle, J.
CONCUR.

_____
JUDGE

_____
JUDGE